**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRIJE SMITH,<br>*Plaintiff,*<br>v.<br>EUGENE WRIGHT, *et al.*,<br>*Defendants.* | Case No. 1:20-cv-3389 (CKK) |

**DEFENDANTS DISTRICT OF COLUMBIA PUBLIC SCHOOLS AND DISTRICT OF COLUMBIA'S MOTION TO DISMISS THE COMPLAINT**

Defendants District of Columbia Public Schools and the District of Columbia[1] respectfully move to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). In support of this motion, Defendants submit the attached memorandum of points and authorities. A proposed order is also attached.

Date: January 15, 2021

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

/s/ *Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

/s/ *Matthew Trout*
MATTHEW TROUT [1030119]
Assistant Attorney General
400 6th Street, N.W.

[1] Defendant Eugene Wright has not been served with the summons and complaint.

Washington, D.C. 20001
(202) 724-5695
(202) 724-6590 (fax)
matthew.trout1@dc.gov

*Counsel for Defendants District of Columbia and DCPS*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRIJE SMITH,<br>*Plaintiff,*<br>v.<br>EUGENE WRIGHT, *et al.*,<br>*Defendants.* | Case No. 1:20-cv-3389 (CKK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

**INTRODUCTION**

Defendants District of Columbia Public Schools (DCPS) and the District of Columbia (the District) (collectively "Defendants") submit this memorandum of points and authorities in support of its motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff fails to state a basis for federal jurisdiction, and the Court should therefore dismiss the Complaint. But even if the Complaint could be construed as asserting a federal cause of action, Plaintiff's claims against Defendants fail as a matter of law. Plaintiff's sexual harassment and hostile work environment claims (Counts I and II) should be dismissed as untimely because Plaintiff did not file a timely charge with the EEOC. Further, Count III should be dismissed because *respondeat superior* is not a standalone claim, and Plaintiff's negligent supervision claim in Count IV is barred by the doctrine of *res judicata*. Finally, DCPS is *non sui juris*. Accordingly, the Court should dismiss the Complaint as against Defendants with prejudice.

## FACTS

Plaintiff alleges that between March 2017 and December 2017, she worked under the supervision of Defendant Eugene Wright at DCPS. *See* Compl. ¶ 9. During this ten-month period, Plaintiff alleges that Wright repeatedly made inappropriate comments of a sexual nature that she contends constituted a hostile work environment. *Id.* ¶¶ 10-11. An investigation by DCPS's Office of Labor Management and Employee Relations allegedly determined that Wright acted inappropriately. *Id.* ¶ 22. As a result, Plaintiff was reassigned from Wright's supervision to work under a new Assistant Principal. *Id.* ¶ 24.

Plaintiff also alleges that on August 25, 2017, she was working at the DCPS facility in the D.C. Jail when a student inmate "rubbed [her] butt with his open hand." *Id.* ¶ 15. Plaintiff reported the alleged incident, but claims that during the reporting process, Wright attempted to intimidate her into not filing a complaint. *Id*. ¶¶ 16-17. Despite allegedly fearing for her job, Plaintiff proceeded to file a charge against the student. *Id.* ¶¶ 19-20.

Based on these allegations, Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) on August 14, 2020. *Id.* ¶ 25; Ex. A (EEOC Charge). On August 26, 2020, the EEOC dismissed the charge as untimely filed. *Id.* ¶ 27; Ex. B (EEOC Dismissal). Plaintiff then filed this suit on November 20, 2020.

## STANDARD OF REVIEW

### **Fed. R. Civ. P. 12(b)(1)**

"Federal courts are courts of limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *Custis v. CIA*, 118 F. Supp. 3d 252, 254 (D.D.C. 2015) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "A defendant who seeks

to have a federal district court dismiss the plaintiff's complaint due to a 'lack of subject-matter jurisdiction' properly makes that request pursuant to Federal Rule of Civil Procedure 12(b)(1)." *Cause of Action Inst. v. Internal Revenue Serv.*, 390 F. Supp. 3d 84, 91 (D.D.C. 2019). A "plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction." *Epps v. U.S. Capitol Police Bd.*, 719 F. Supp. 2d 7, 11 (D.D.C. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Because a challenge to subject matter jurisdiction implicates the Court's authority to hear a case at all, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987)).

**Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). The Supreme Court has set forth a "two-pronged approach" that a trial court should use when ruling on a motion to dismiss under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, the basic pleading standards "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). Once the court has determined that the plaintiff has asserted "well-pleaded factual allegations," it "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*; *see also*

*Atherton v. District of Columbia*, 567 F.3d 672, 681 (D.C. Cir. 2009).

A court generally cannot consider matters outside the pleadings in deciding a Rule 12(b)(6) motion, but it may consider "documents attached as exhibits or incorporated by reference in the complaint, or documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (citations omitted). "A court may consider an EEOC complaint and Notice of Charge without converting a motion to dismiss into a motion for summary judgment because such records are public documents of which a court may take judicial notice." *Ashraf-Hassam v. Embassy of France in U.S.*, 878 F. Supp. 2d 164, 169 (D.D.C. 2012) (citations omitted).

## ARGUMENT

### I. The Court Lacks Subject Matter Jurisdiction Over the Complaint.

Plaintiff fails to allege any valid basis for federal jurisdiction. The Complaint asserts D.C. Code § 11-921 as the basis for the Court's jurisdiction. Compl. ¶ 6. But § 11-921 endows the District of Columbia Superior Court with jurisdiction over certain matters, and no basis for jurisdiction in *this* Court appears in the Complaint. And Defendants are not subject to the Court's diversity jurisdiction under 28 U.S.C. § 1332. *Long v. District of Columbia*, 820 F.2d 409, 414 (D.C. Cir. 1987) ("[T]he District is not subject to the diversity jurisdiction of the federal courts.").

Nor does the Court have federal question jurisdiction. Counts III and IV of the Complaint, asserting liability for *respondeat superior* and negligent supervision, are based on District common law. And although the bases for Counts I and II are not stated, the two claims appear virtually identical to claims Plaintiff previously brought under the District of Columbia

Human Rights Act (DCHRA) in the D.C. Superior Court, which dismissed them. *See* Ex. C (Amended Complaint, *Smith v. Wright*, No. 2019 CA 006266 B (D.C. Sup. Ct. filed Dec. 10, 2019)); Ex. D (Order, *Smith v. Wright*, No. 2019 CA 006266 B (D.C. Sup. Ct. Apr. 23, 2020)). "[N]ot once does the plaintiff here assert a [federal] claim or seek any relief based on [federal law]. Rather, the only claims that have been 'well-pleaded' are District of Columbia common law claims[.]" *Park S. Neighborhood Corp. v. Vesta Mgmt. Corp.*, 80 F. Supp. 3d 192, 196 (D.D.C. 2015). Thus, there is no basis for federal question jurisdiction under 28 U.S.C. § 1331. *See Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) ("A case arises under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." (brackets, citation, and quotation marks omitted)).

With no basis for jurisdiction over Plaintiff's claims, the Court should dismiss the Complaint for want of subject matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (citation omitted)).

## II. Plaintiff's Sexual Harassment and Hostile Work Environment Claims Are Untimely Because Plaintiff Did Not File a Timely Charge with the EEOC (Counts I and II).

Even if Counts I and II could be construed as asserting federal causes of action under Title VII, the Court should nevertheless dismiss the Complaint because such claims would be untimely. "Before filing a lawsuit under the ADA, Title VII, or ADEA, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC . . . ." *Cooper v. Henderson*, 174 F. Supp. 3d 193, 202 (D.D.C. 2016). In the District of Columbia, a charge of employment discrimination under Title VII must be filed within 300 days of the discriminatory

act. *See Duberry v. Inter-Con Sec. Sys.*, 898 F. Supp. 2d 294, 298 (D.D.C. 2012); 42 U.S.C. § 2000e-5(e). Plaintiff's most recent claim of discrimination occurred in December 2017. *See* Compl. ¶ 9. Plaintiff filed her charge on August 14, 2020, two years and eight months later. *See* Ex. A (EEOC Charge). The EEOC dismissed Plaintiff's charge as untimely filed on August 26, 2020. *See* Ex. B (EEOC Dismissal). Because Plaintiff's charge was untimely, any purported Title VII claims in this action are untimely as well. Therefore, even if the Court construes Counts I and II of the Complaint as asserting federal causes of action, the Court should dismiss these claims as untimely. *See, e.g.*, *Cooper*, 174 F. Supp. 3d at 202.

## III. ***Respondeat Superior* Is Not A Stand-Alone Cause of Action.**

In Count III of the Complaint, Plaintiff asserts a stand-alone claim for "Vicarious Liability/*Respondeat Superior*" against the District. *See* Compl. ¶¶ 51-54. But "[v]icarious liability . . . is merely a legal concept used to transfer liability from an agent to a principal[,] and includes the theory of *respondeat superior* as developed in agency law." *Convit v. Wilson*, 980 A.2d 1104, 1114 (D.C. 2009) (citations omitted). The doctrine allows "the responsibility of an agent for his own legally careless action [to be] imputed to the principal." *Id.* Although *respondeat superior* provides a legal basis by which an employer may be held liable for torts committed by its employees or agents, it is not an independent source of liability. *See id.* at 1114 n.15 ("[A] principal's vicarious liability turns on whether the agent is liable." (quoting RESTATEMENT (THIRD) OF AGENCY § 7.03 cmt. B (2006))); *see also Logan v. Jones Lang LaSalle Americas, Inc.*, No. 18-CV-02278 (APM), 2019 WL 1960208, at *1 n.1 (D.D.C. May 2, 2019) ("However, '*respondeat superior*' is not a stand-alone claim . . . ."). As a result, the Court should dismiss Count III of the Complaint because it does not state an independent cause of

action. *See* Ex. D at 7 (dismissing Plaintiff's *respondeat superior* claim before the D.C. Superior Court for the same reasons).

## IV. Plaintiff's Negligent Supervision Claim Is Barred by *Res Judicata*.

The doctrine of *res judicata* "bars relitigation of claims or issues that were or could have been litigated in a prior action."[2] *Morgan v. United States Parole Comm'n*, 304 F. Supp. 3d 240, 246 (D.D.C. 2016) (citing *Alford v. Providence Hosp.*, 60 F. Supp. 3d 118, 124 (D.D.C. 2014)). A "12(b)(6) [dismissal] presents a ruling on the merits with res judicata effect." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). Plaintiff previously brought a negligent supervision claim in the D.C. Superior Court based on the District's alleged failure to properly supervise Defendant Wright. Ex. C. at 7-8. And the Superior Court dismissed that claim under D.C. Super. Ct. Civ. R. 12(b)(6). Ex. D at 5-7. The claim brought in Superior Court is virtually identical to the claim Plaintiff asserts here. *Compare* Compl. ¶¶ 55-59, *with* Ex. C ¶¶ 55-61. Plaintiff's relitigation of this claim is barred by *res judicata*. *See Haase*, 835 F.2d at 906. The Court should thus dismiss Count IV of the Complaint.

## V. DCPS Is Not a Proper Defendant.

DCPS is entitled to dismissal. DCPS, like the vast majority of agencies within the District government, is *non sui juris* and cannot be a party to any lawsuit. *See Kane v. District of Columbia*, 180 A.3d 1073, 1078 n.10 (D.C. 2018) ("[I]n the absence of statutory authorization, noncorporate bodies within the District of Columbia government 'are not suable as separate entitites.'" (quoting *Braxton v. Nat'l Capital Hous. Auth.*, 396 A.2d 215, 216 (D.C. 1978))); *Ray*

---

[2] "Res judicata is an affirmative defense that is usually pled in a defendant's answer, but courts have also allowed parties to assert the defense in a 12(b)(6) motion to dismiss." *RSM Prod. Corp. v. Freshfields Bruckhaus Deringer U.S. LLP*, 800 F. Supp. 2d 182, 189 (D.D.C. 2011) (citation omitted). The defense is properly raised by motion where it can be "established from the face of the complaint, matters fairly incorporated within it, and matters susceptible to judicial notice." *Lewis v. DEA*, 777 F.Supp.2d 151, 159 (D.D.C. 2011) (citations omitted). That is the case here, and thus the defense is properly raised in this motion to dismiss.

*v. District of Columbia*, 535 A.2d 868, 869 n.2 (D.C. 1987) ("[A]n agency or governmental body within the District of Columbia government . . . may be sued in its own right only if the entity has been established as a separate corporate body."). DCPS was established by D.C. Code § 38-171. Nothing in that statute empowers DCPS to sue or be sued. *See id.* Therefore, Plaintiff's claims against DCPS should be dismissed. *See, e.g., Blue v. District of Columbia*, 850 F. Supp. 2d 16, 22 (D.D.C. 2012) (dismissing DCPS as *non sui juris*), *aff'd*, 811 F.3d 14 (D.C. Cir. 2015).

## CONCLUSION

For these reasons, the Court should grant Defendants' motion and dismiss the Complaint as to Defendants with prejudice.

Date: January 15, 2021

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

/s/ *Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

/s/ *Matthew Trout*
MATTHEW TROUT [1030119]
Assistant Attorney General
400 6th Street, N.W.
Washington, D.C. 20001
(202) 724-5695
(202) 724-6590 (fax)
matthew.trout1@dc.gov

*Counsel for Defendants District of Columbia and DCPS*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BRIJE SMITH,

*Plaintiff,*

v.

EUGENE WRIGHT, *et al.*,

*Defendants.*

Case No. 1:20-cv-3389 (CKK)

**ORDER**

Upon consideration of Defendants District of Columbia Public Schools and District of Columbia's Motion to Dismiss the Complaint, any opposition and reply thereto, and the entire record, it is this ___________ day of ________________, 2021, hereby,

**ORDERED** that Defendants' Motion is **GRANTED**; and it is further

**ORDERED** that the Complaint as to Defendants District of Columbia Public Schools and District of Columbia is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

________________________________
COLLEEN KOLLAR-KOTELLY
United States District Judge