IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIJE SMITH                              ) | |
| 9112 Tandom Dr.                          ) | |
| Fort Washington, MD 20744                ) | |
|                                          ) | |
|         Plaintiff,                       ) | |
|                                          ) Case No.: 1:20-cv-03389 | |
| v.                                       ) | |
|                                          ) | |
| EUGENE WRIGHT,                           ) | |
| 1200 First Street, NE                    ) | |
| Washington, DC 20002                     ) | |
|                                          ) | |
| DISTRICT OF COLUMBIA                     ) | |
| PUBLIC SCHOOLS,                          ) | |
| 1200 First Street, NE                    ) | |
| Washington, DC 20002                     ) | |
|                                          ) | |
| DISTRICT OF COLUMBIA                     ) | |
| GOVERNMENT,                              ) | |
| 1650 Pennsylvania Ave., NW               ) | |
| Washington, DC 20004                     ) | |
|                                          ) | |
|         Defendants.                      ) | |

**AMENDED COMPLAINT**

**(JURY TRIAL DEMANDED)**

**PRELIMINARY STATEMENT**

1. Plaintiff, Brije Smith, by and through counsel, Charles Tucker, Jr., Esq. and Tucker Moore, brings suit against the Defendants, Eugene Wright, and District of Columbia Public Schools, and for cause states as follows:

1.

**PARTIES**

2.

2. Plaintiff, Brije Smith, (hereinafter "Plaintiff"), is an adult female resident of Maryland and at all times was an employee of the District of Columbia Public Schools within the meaning of D.C. Code § 2-1401.02(9).

3. Defendant, Eugene Wright (hereinafter "Defendant Wright"), is an adult male who at all times was an employee of the District of Columbia Public Schools within the meaning of D.C. Code § 2-1401.02(9).

4. Defendant District of Columbia Public Schools is a nonexempt entity authorized to do business in the District of Columbia, and at all times relevant hereto was an employer of Plaintiff and Defendant Wright within the meaning of D.C. Code § 2-1401.02(10).

**JURISDICTION**

5. ~~This~~ This action is being brought pursuant to 28 USC § 1331, 28 USC § 1343, and 42 USC § 1983 and includes any and all federal law claims plead herein for which jurisdiction and venue is attached ~~Court has personal jurisdiction over each Defendant in this matter as they are either domiciled in this judicial district and fall within D.C. Code §13-422, or worked in this judicial district during the relevant period and fall within D.C.'s long arm statute D.C. Code~~

5. ~~§ 13-43(a)~~.

6. Any state law claims plead herein are brought pursuant to 28 USC § 1367 ~~This Court has jurisdiction over the claims presented as they are all civil causes of action and the total amount that Plaintiff seeks to be compensated based on her causes of action exceeds $10,000.00. Hence, each of her claims falls into the Court's general jurisdiction~~

3

~~pursuant to D.C. Code § 11-921~~.

**VENUE**

7. Venue is appropriate in this Court because all of the Plaintiffs claims herein occurred in this judicial district and because the Plaintiff worked for Defendant in this judicial district. In addition, most if not all of the witnesses for this case are located in this district.

**STATEMENT OF FACTS**

8. Plaintiff was hired with DC Public schools as a Transition Specialist.

9. Between March 2017 and December 2017, Plaintiff was subjected to unwanted, provocative and inappropriate sexually suggestive behavior and comments from Defendant Wright in his official capacity as Plaintiff's Supervisor.

10. Defendant Wright, through his provocative and sexually explicit comments and disposition towards Plaintiff, created a hostile and unpleasant working environment for Plaintiff.

11. Defendant Wright would regularly leer at Plaintiff and in a sexually suggestive manner would comment on Plaintiff's body and appearance. He would make sexual innuendos based on Plaintiff's appearance. He made sexually suggestive comments about what he would like to do to Plaintiff. He would constantly share with Plaintiff, unsolicited, his ability to financially satisfy Plaintiff.

12. Base on Defendant Wrights gestures and body language, Plaintiff understood Defendant Wright to be making sexual advances to her, which she found offensive.

13. When Defendant Wright engaged in this type of sexually explicit, unwanted behavior, Plaintiff tried to ignore him, but inside she felt explicitly violated and uncomfortable.

14. On or about Friday, August 25, 2017, Plaintiff was in the District of Columbia Public School area which is located within the District of Columbia Jail.

15. As Plaintiff was leaving, a student inmate rubbed Plaintiff's butt with his open hand and Plaintiff turned around and yelled to the student inmate "DO NOT TOUCH MY BUTT."

16. Plaintiff immediately reported the incident to the appropriate authorities and filed the necessary documentation to report the incident.

17. As Plaintiff was in the process of reporting this incident, Defendant Wright and another male employee attempted to intimated Plaintiff and persuade her into dropping the sexual assault claim against the student inmate.

18. Defendant Wright told Plaintiff that if she filed the charge, she "might not be able to come back to work."

19. Defendant's Wrights statement caused Plaintiff to be fearful that her job may be in jeopardy if she followed through with her decision to file the charges against the student inmate.

20. Plaintiff proceeded with filing the charge against the student inmate and immediately reported Defendant Wrights actions to the proper authorities.

21. An investigation was later performed by the Department of Labor Management & Employee Relations regarding Plaintiff's claims against Defendant Wright.

22. After a thorough investigation, it was determined that:

    a. Defendant Wright behaved inappropriately and unprofessionally towards Plaintiff. Specifically, that Defendant Wright, by a preponderance of the evidence, made sexually offensive comments or used off-color language, jokes, or innuendo that a reasonable person would consider to be of a sexual nature, or belittling or demeaning an individual or a group's sex, sexual orientation, or gender identity.

    b. That the evidence to support Plaintiff's allegations against Defendant Wright were severe and pervasive enough to create a hostile work environment.

    c. By Defendant Wright's own admission, he made comments to his female colleagues that could be perceived as unprofessional and inappropriate.

23. It was further recommended that appropriate personnel action be taken toward Defendant Wright for his inappropriate and unprofessional behavior as an employee of the District of Columbia Public School system.

24. As a result, Plaintiff was removed from Defendant Wrights supervision and instructed to report to a new Assistant Principal and Instructional Superintendent.

25. Despite this, Plaintiff was eventually placed under Defendant Wright's supervision.

26. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") based on the clear and blatant violation of her rights by Defendants.

27. The charged alleged discrimination based on sex.

28. The EEOC issued a Dismissal and Notice of Rights ("Right to Sue Letter") on August 31, 2020.

29. Plaintiff initiated this action within 90 (ninety) days of receipt of the Right to Sue letter.

## CAUSE OF ACTION

### COUNT I

### Sexual Harassment

30. Plaintiff hereby incorporates paragraphs 1 through 28 as if fully set forth herein.

31. Plaintiff is a female employee of District of Columbia Public Schools.

32. Plaintiff was frequently subjected to harassment by Defendant Wright because she was female.

33. The harassment included sexual innuendos about Plaintiff's physical appearance, sexually aggressive comments about what Defendant Wright would do to

7

Plaintiff if given the opportunity, and how Defendant Wright could financially satisfy Plaintiff.

33. Plaintiff found the harassment to be unwelcome and thoroughly deplorable.

8

34.

~~34.~~35. Defendant Wrights conduct was malicious, wanton, reckless and done with willful disregard for Plaintiff's rights.

~~35.~~36. Plaintiff reported the harassment to Defendant, District of Columbia Public Schools, who knew or should have known of Defendant Wrights sexually harassing and intimidating behavior and failed to respond reasonably to prevent or correct it.

~~36.~~37. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer embarrassment, humiliation, pain, suffering, mental anguish, mental distress, indignity, and loss of enjoyment of life.

**COUNT II**
**Hostile Work Environment**

~~37.~~38. Plaintiff hereby incorporates paragraphs 1 through 3~~7~~6 as if fully set forth herein.

~~38.~~39. Plaintiff is a female employee of District of Columbia Public Schools.

~~39.~~40. Plaintiff was frequently subjected to harassment by Defendant Wright because she was female.

~~40.~~41. The harassment included sexual innuendos about Plaintiff's physical appearance, sexually aggressive comments about what Defendant Wright would do to her, and how Defendant Wright could financially satisfy Plaintiff.

~~41.~~42. The sexually crude, suggestive, unwelcome, and hostile behavior to which Plaintiff was subjected was severe or pervasive, affected the terms, conditions, or privileges of her employment, and created a hostile work environment. Further, Plaintiff became fearful of being in a common space with Defendant Wright as his harassing behavior had become emotionally and mentally overwhelming to Plaintiff.

~~42.~~43. Plaintiff found the harassment to be unwelcome and thoroughly deplorable.

44. Plaintiff reported the harassment to Defendant, District of Columbia Public Schools, who knew or should have known of Defendant Wrights sexually harassing and intimidating behavior and failed to respond reasonably to prevent or correct it.

45. Defendant Wrights conduct was malicious, wanton, reckless and done with willful disregard for Plaintiff's rights.

46. Defendant's, District of Columbia Public School, conduct was malicious, wanton, reckless and done with willful disregard for Plaintiff's rights.

47. Plaintiff further was sexually assaulted by a student inmate at the District of Columbia Jail.

48. Plaintiff reported the sexual assault to the appropriate authorities.

49. Defendant Wright threatened Plaintiff, by suggesting that she could lose her job if she proceeded with filing charges against the student inmate who sexually assaulted her.

50. Defendant Wright's conduct was an attempt to intimidate Plaintiff into not filing a charge against the student inmate.

51. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer embarrassment, humiliation, pain, suffering, mental anguish, mental distress, indignity, and loss of enjoyment of life.

## COUNT III

### Negligence

52. Plaintiff hereby incorporates paragraph 1 through 51 as if fully set forth herein.

53. Plaintiff is an employee of Defendant District of Columbia Public Schools.

54. While employed with Defendant District of Columbia Public Schools, Plaintiff was subjected to crude, suggestive, unwelcome, and hostile sexual behavior from Defendant

10

Wright.

55. Defendant District of Columbia Public Schools owed Plaintiff a duty to not allow her to be victimized by their agent and employee, Defendant Wright, pursuant to the special duty of care owed per the employer-employee relationship.

56. Defendant District of Columbia and Defendant Wright owed Plaintiff a legal duty pursuant to and created by DC CODE § 32-808 to furnish a safe workplace.

57. Defendant District of Columbia owed Plaintiff a special duty of care as she relied, to her detriment, upon Defendant District of Columbia to adequately, appropriately, and pursuant to their duty protect Plaintiff from an unsafe and hostile work environment.

58. Defendant District of Columbia breached their special duty of care when, despite knowledge of the issues between Defendant Wright and Plaintiff, Plaintiff was placed under the supervision of Defendant Wright again.

59. Defendant District of Columbia owed Plaintiff a special duty pursuant to her employment, their engagement, which rose to a level higher than that of the duty owed to the general public, with the issues plaguing her employment caused by Defendant Wright, and their failure to insulate Plaintiff from Defendant Wright throughout the rest of her employment.

60. Defendant Wright owed Plaintiff a legal duty to compose himself and act appropriately pursuant to the special duty of care imposed under the employer-employee relationship.

61. Additionally, Defendant Wright made a number of inappropriate comments of a sexual nature as well as intimidated her so she would not complain about harassment she was subjected to; this constituted a breach of the legal duty owed by Defendant Wright to Plaintiff.

62. If not stated explicitly, all Defendants have breached the aforementioned legal duties.

63. Plaintiff suffered actual damages related to these breaches in legal duty and Defendants

were the actual and proximate causes of Plaintiff damages.

## COUNT IV

### Breach of Contract

64. Plaintiff hereby incorporates paragraph 1 through 63 as if fully set forth herein.

65. Plaintiff is an employee of Defendant District of Columbia Public Schools.

66. Plaintiff had a contract with Defendant District of Columbia Public Schools.

67. Defendant District of Columbia Public Schools is a branch of Defendant District of Columbia.

68. Defendant District of Columbia Public Schools had a duty to perform on its portion of the express or impied employment contract which belied Plaintiff's employment and which includes protecting Plaintiff from being harassed, attacked, or otherwise subjected to misconduct as defined in relevant contracts that she signed.

~~50.~~69. As Defendant District of Columbia Public Schools has breached the contract, implied or express, they are subject to liability for the same.

## ~~COUNT III~~

### ~~Vicarious Liability/Respondeat Superior~~

~~51. Plaintiff hereby incorporates paragraphs 1 through 50 as if fully set forth herein.~~

~~52. While engaging in the above conduct, Defendant Wright was acting in the line, course and scope of his authority and capacity as a partner and/or employee and/or agent of Defendant, District of Columbia Public Schools and, therefore, Defendant District of Columbia Public Schools are vicariously liable for the acts committed and complained of herein.~~

53. ~~Plaintiff reported the harassment to Defendant, District of Columbia Public Schools, who knew or should have known of Defendant Wrights sexually harassing and intimidating behavior and failed to respond reasonably to prevent or correct it.~~

54. ~~As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer embarrassment, humiliation, pain, suffering, mental anguish, mental distress, indignity, and loss of enjoyment of life.~~

### ~~COUNT IV~~

### ~~Negligent Training and Supervision~~

55. ~~Plaintiff hereby incorporates paragraph 1 through 54 as if fully set forth herein.~~

56. ~~Plaintiff is an employee of Defendant District of Columbia Public Schools.~~

57. ~~While employed with Defendant District of Columbia Public Schools, Plaintiff was subjected to crude, suggestive, unwelcome, and hostile sexual behavior from Defendant Wright.~~

58. ~~Plaintiff reported the harassment to Defendant, District of Columbia Public Schools, who knew or should have known of Defendant Wrights sexually harassing and intimidating behavior and failed to respond reasonably to prevent or correct it.~~

59. ~~Defendant District of Columbia Public Schools failed to supervise and/or train Defendant Wright to correct or prevent his inappropriate behavior.~~

### **RELIEF**

~~1.~~ 69. Plaintiff requests that the Court issue the following relief:

   a. Award Plaintiff compensatory and punitive damages for all the mentioned cause of action in an amount to be determined by a jury of her peers;

   ~~b.~~ Award Plaintiff attorney's fees, costs and expense of litigation; and

    b.

    c.  Award such other relief to which Plaintiff may be entitled to under law.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment separately and severally against Defendants Eugene Wright and/or District of Columbia Public Schools in an amount in excess of the minimum jurisdictional limits of this Court for compensatory and punitive damages all together with Court costs, including attorney's fees, plus pre and post judgment interest, and from and other relief this Court deems just and proper.

Respectfully submitted this 20th day of November 2020.

                                  **Brije Smith**

                                  */s/*Charles Tucker Jr. Esq.
                                  Tucker Moore Group LLP
                                  Charles Tucker, Jr. Esq. #993515
                                  8181 Professional Place Ste. 207
                                  Hyattsville, MD 20785
                                  charles@tuckerlawgroupllp.com

**CERTIFICATE OF SERVICE**

I, Charles Tucker, Jr., hereby certify that a true and accurate copy of the above document was served electronically via the Court's Electronic Case Filing system, which will send notification of such filings to all counsel of record.

Matthew Dennis Trout
DC OAG Civil Division
400 Sixth Street, NW
Washington, DC 20001
Phone: (202)-724-5695
Email: matthew.trout1@dc.gov

Eugene Wright
1200 First Street, NE
Washington, DC 20002
PRO SE

Dated: February 23, 2021

/s/ Charles Tucker, Jr.
Charles Tucker, Jr., Esq.
TUCKER MOORE LAW GROUP
8181 Professional Place, STE 207
Hyattsville, MD 20785
Phone: (301)-577-1175
Email: Charles@tuckerlawgroupllp.com