# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BRIJE SMITH,

              *Plaintiff,*

    v.

EUGENE WRIGHT, *et al.*,

              *Defendants.*

Case No. 1:20-cv-3389 (CKK)

## DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

Defendants Eugene Wright, the District of Columbia Public Schools, and the District of Columbia respectfully move to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  In support of this motion, Defendants submit the attached memorandum of points and authorities.  A proposed order is also attached.

Date: March 15, 2021

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

/s/ *Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

/s/ *Matthew Trout*
MATTHEW TROUT [1030119]
Assistant Attorney General
400 6th Street, N.W.
Washington, D.C. 20001
(202) 724-5695
(202) 724-6590 (fax)

matthew.trout1@dc.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRIJE SMITH,<br><br>        *Plaintiff,*<br><br>   v.<br><br>EUGENE WRIGHT, *et al.*,<br><br>        *Defendants.* | Case No. 1:20-cv-3389 (CKK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS THE AMENDED COMPLAINT**

**INTRODUCTION**

Defendants Eugene Wright, the District of Columbia Public Schools (DCPS) and the District of Columbia (the District) (collectively "Defendants") submit this memorandum of points and authorities in support of their motion to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Plaintiff fails to state a basis for federal jurisdiction, and the Court should therefore dismiss the Amended Complaint.  But even if the Amended Complaint could be construed as asserting a federal cause of action, Plaintiff's claims against Defendants fail as a matter of law.  First, Plaintiff's sexual harassment and hostile work environment claims (Counts I and II) should be dismissed as untimely because Plaintiff did not file a timely charge with the EEOC.  Next, Count III should be dismissed because Plaintiff's negligence claim is barred by the doctrine of res judicata.  And Count IV's breach of contract claim fails because Plaintiff did not exhaust administrative remedies under the D.C. Comprehensive Merit Personnel Act.  Finally, DCPS is *non sui juris* and should be dismissed.  For these reasons, the Court should dismiss the Amended Complaint with prejudice.

**FACTS**

Plaintiff alleges that between March 2017 and December 2017, she worked under the supervision of Defendant Eugene Wright at DCPS.  *See* Am. Compl. ¶ 9.  During this ten-month period, Plaintiff alleges that Wright repeatedly made inappropriate comments of a sexual nature that she contends constituted a hostile work environment.  *Id.* ¶¶ 10-11.  An investigation by DCPS's Office of Labor Management and Employee Relations allegedly determined that Wright acted inappropriately.  *Id.* ¶ 22.  As a result, Plaintiff was reassigned from Wright's supervision to work under a new Assistant Principal.  *Id.* ¶ 24.

Plaintiff also alleges that on August 25, 2017, she was working at the DCPS facility in the D.C. Jail when a student inmate "rubbed [her] butt with his open hand."  *Id.* ¶ 15.  Plaintiff reported the alleged incident, but claims that during the reporting process, Wright attempted to intimidate her into not filing a complaint.  *Id.* ¶¶ 16-17.  Despite allegedly fearing for her job, Plaintiff proceeded to file a charge against the student.  *Id.* ¶¶ 19-20.

Based on these allegations, Plaintiff filed a charge with the EEOC on August 14, 2020. *Id.* ¶ 25; Ex. A (EEOC Charge).  On August 26, 2020, the EEOC dismissed the charge as untimely filed.  *Id.* ¶ 27; Ex. B (EEOC Dismissal).  Plaintiff filed this suit on November 20, 2020.  Plaintiff then filed an Amended Complaint [15] on March 1, 2021.

**STANDARD OF REVIEW**

**Fed. R. Civ. P. 12(b)(1)**

"Federal courts are courts of limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'"  *Custis v. CIA*, 118 F. Supp. 3d 252, 254 (D.D.C. 2015) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "A defendant who seeks

to have a federal district court dismiss the plaintiff's complaint due to a 'lack of subject-matter jurisdiction' properly makes that request pursuant to Federal Rule of Civil Procedure 12(b)(1)." *Cause of Action Inst. v. Internal Revenue Serv.*, 390 F. Supp. 3d 84, 91 (D.D.C. 2019).  A "plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction." *Epps v. U.S. Capitol Police Bd.*, 719 F. Supp. 2d 7, 11 (D.D.C. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  Because a challenge to subject matter jurisdiction implicates the Court's authority to hear a case at all, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987)).

**Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).  The Supreme Court has set forth a "two-pronged approach" that a trial court should use when ruling on a motion to dismiss under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*  Thus, the basic pleading standards "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555).  Once the court has determined that the plaintiff has asserted "well-pleaded factual allegations," it "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*; *see also*

*Atherton v. District of Columbia*, 567 F.3d 672, 681 (D.C. Cir. 2009).

A court generally cannot consider matters outside the pleadings in deciding a Rule 12(b)(6) motion, but it may consider "documents attached as exhibits or incorporated by reference in the complaint, or documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (citations omitted). "A court may consider an EEOC complaint and Notice of Charge without converting a motion to dismiss into a motion for summary judgment because such records are public documents of which a court may take judicial notice." *Ashraf-Hassam v. Embassy of France in U.S.*, 878 F. Supp. 2d 164, 169 (D.D.C. 2012) (citations omitted).

## ARGUMENT

## I.    The Court Lacks Subject Matter Jurisdiction Over the Complaint.

Plaintiff fails to allege any valid basis for federal jurisdiction. The Amended Complaint asserts 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983 as the bases for jurisdiction. Am. Compl. ¶ 5. But 28 U.S.C. § 1331 gives the Court jurisdiction over federal questions, and § 1343(3) gives the Court jurisdiction over suits brought under 42 U.S.C. § 1983, which is a cause of action, not a jurisdictional grant. Although these provisions grant the Court jurisdiction over certain cases, they do not grant the Court jurisdiction over this case because Plaintiff does not appear to allege any claim under § 1983, or any other federal statute. Counts III and IV of the Amended Complaint, asserting liability for negligence and breach of contract, are based on District common law. And although the grounds for Counts I and II are not stated, the two claims appear virtually identical to claims Plaintiff previously brought under the D.C. Human Rights Act (DCHRA) in the D.C. Superior Court, which dismissed them. *See* Ex. C (Amended

Complaint, *Smith v. Wright*, No. 2019 CA 006266 B (D.C. Sup. Ct. filed Dec. 10, 2019)); Ex. D

(Order, *Smith v. Wright*, No. 2019 CA 006266 B (D.C. Sup. Ct. Apr. 23, 2020).

       "[N]ot once does the plaintiff here assert a [federal] claim or seek any relief based on

[federal law].  Rather, the only claims that have been 'well-pleaded' are District of Columbia

common law claims . . . ."  *Park S. Neighborhood Corp. v. Vesta Mgmt. Corp.*, 80 F. Supp. 3d

192, 196 (D.D.C. 2015).  There is thus no basis for federal question jurisdiction under 28 U.S.C.

§ 1331.  *See Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) ("A case

arises under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes

either that federal law creates the cause of action or that the plaintiff's right to relief necessarily

depends on the resolution of a substantial question of federal law." (brackets, citation, and

quotation marks omitted)).  And with no § 1983 claim, 28 U.S.C. § 1343 provides no basis for

this Court's jurisdiction either.  Lacking jurisdiction over Plaintiff's claims, the Court should

dismiss the Complaint for want of subject matter jurisdiction.  *See Arbaugh v. Y&H Corp.*, 546

U.S. 500, 506-07 (2006) ("Whenever it appears by suggestion of the parties or otherwise that the

court lacks jurisdiction of the subject matter, the court shall dismiss the action." (citation

omitted)).

## II.      Plaintiff's Sexual Harassment and Hostile Work Environment Claims Are Untimely Because Plaintiff Did Not File a Timely Charge with the EEOC (Counts I and II).

       Even if Counts I and II could be construed as asserting federal causes of action under

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), the Court should

still dismiss the Complaint because such claims would be untimely.  "Before filing a lawsuit

under the ADA, Title VII, or ADEA, a plaintiff must exhaust her administrative remedies by

filing a charge of discrimination with the EEOC . . . ."  *Cooper v. Henderson*, 174 F. Supp. 3d

193, 202 (D.D.C. 2016).  In the District of Columbia, a charge of employment discrimination

under Title VII must be filed within 300 days of the discriminatory act.  *See Duberry v. Inter-Con*

*Sec. Sys.*, 898 F. Supp. 2d 294, 298 (D.D.C. 2012); 42 U.S.C. § 2000e-5(e).  The most recent act

of discrimination Plaintiff alleges occurred in December 2017.  *See* Am. Compl. ¶ 9.  But

Plaintiff did not file her charge with the EEOC until nearly three years later, on August 14, 2020,

well past the 300-day deadline.  *See* Ex. A (EEOC Charge).  The EEOC, therefore, dismissed

Plaintiff's charge as untimely filed on August 26, 2020.  *See* Ex. B (EEOC Dismissal).  Because

Plaintiff's charge was untimely, any purported Title VII claims in this action are untimely as

well.  Therefore, even if the Court construes Counts I and II of the Amended Complaint as

asserting federal causes of action, the Court should dismiss these claims as untimely.  *See, e.g.*,

*Cooper*, 174 F. Supp. 3d at 202.

## III.  Plaintiff's Negligence Claim Is Barred by Res Judicata (Count III).

Res judicata forecloses Plaintiff's negligence claim.  The doctrine of res judicata "bars

relitigation of claims or issues that were or could have been litigated in a prior action."[1]  *Morgan*

*v. U.S. Parole Comm'n*, 304 F. Supp. 3d 240, 246 (D.D.C. 2016) (citing *Alford v. Providence*

*Hosp.*, 60 F. Supp. 3d 118, 124 (D.D.C. 2014)).  A "12(b)(6) [dismissal] presents a ruling on the

merits with res judicata effect."  *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).  Plaintiff

previously brought a negligent supervision claim in the D.C. Superior Court based on the

District's alleged failure to properly supervise Defendant Wright.  Ex. C. at 7-8.  And the

Superior Court dismissed that claim under D.C. Super. Ct. Civ. R. 12(b)(6).  Ex. D at 5-7.  The

---

[1]     "Res judicata is an affirmative defense that is usually pled in a defendant's answer, but courts have also allowed parties to assert the defense in a 12(b)(6) motion to dismiss."  *RSM Prod. Corp. v. Freshfields Bruckhaus Deringer U.S. LLP*, 800 F. Supp. 2d 182, 189 (D.D.C. 2011) (citation omitted).  The defense is properly raised by motion when it can be "established from the face of the complaint, matters fairly incorporated within it, and matters susceptible to judicial notice."  *Lewis v. DEA*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011) (citations omitted). That is the case here, and thus the defense is properly raised in this motion to dismiss.

claim brought in the Superior Court is virtually identical to the negligence claim Plaintiff asserts here. *Compare* Am. Compl. ¶¶ 53-63 *with* Ex. C ¶¶ 55-61. Plaintiff's relitigation of this claim is barred by res judicata. *See Haase*, 835 F.2d at 906. The Court should thus dismiss Count III of the Amended Complaint.

**IV.**  **Plaintiff's Breach of Contract Claim Is Preempted by the CMPA (Count IV).**

The D.C. Comprehensive Merit Personnel Act (CMPA) broadly governs employee grievances, which are defined as "any matter under the control of the District government which impairs or adversely affects the interest, concern, or welfare of employees [with certain exceptions inapplicable here]." D.C. Code § 1-603.01(10). The statutory scheme set forth in the CMPA, which includes administrative appeals and review of those decisions by the D.C. Superior Court, is generally "the exclusive remedy for a District of Columbia public employee who has a work-related complaint of any kind." *Baker v. District of Columbia*, 785 A.2d 696, 697 (D.C. 2001) (quoting *Robinson v. District of Columbia*, 748 A.2d 409, 411 (D.C. 2000)). Courts have thus held that a breach of contract claim "falls squarely within the preemptive scope of the CMPA." *Dickerson v. District of Columbia*, 70 F. Supp. 3d 311, 321 (D.D.C. 2014).

Plaintiff alleges that the District breached its "duty to perform on its portion of the express or implied employment contract which belied Plaintiff's employment and which includes protecting Plaintiff from being harassed, attacked, or otherwise subjected to misconduct as defined in relevant contracts that she signed." Am. Comp. ¶ 68. But any contractual grievances were subject to the exclusive process set forth by the CMPA. *See Baker*, 785 A.2d at 697. And Plaintiff cannot simply choose to bring such claims directly in this Court. *Id.* at 698 ("[T]he [trial court] is not an 'alternative forum.'"). Accordingly, this Court should dismiss Count IV as preempted by the CMPA. *See Dickerson*, 70 F. Supp. 3d at 321.

**V.    DCPS Is Not a Proper Defendant.**

DCPS is entitled to dismissal.  DCPS, like most agencies within the District government, is *non sui juris* and cannot be a party to any lawsuit.  *See Kane v. District of Columbia*, 180 A.3d 1073, 1078 n.10 (D.C. 2018) ("[I]n the absence of statutory authorization, noncorporate bodies within the District of Columbia government 'are not suable as separate entitites.'" (quoting *Braxton v. Nat'l Capital Hous. Auth.*, 396 A.2d 215, 216 (D.C. 1978))); *Ray v. District of Columbia*, 535 A.2d 868, 869 n.2 (D.C. 1987) ("[A]n agency or governmental body within the District of Columbia government . . . may be sued in its own right only if the entity has been established as a separate corporate body.").  DCPS was established by D.C. Code § 38-171. Nothing in that statute empowers DCPS to sue or be sued.  *See id.*  Therefore, Plaintiff's claims against DCPS should be dismissed.  *See, e.g.*, *Blue v. District of Columbia*, 850 F. Supp. 2d 16, 22 (D.D.C. 2012) (dismissing DCPS as *non sui juris*), *aff'd*, 811 F.3d 14 (D.C. Cir. 2015).

## CONCLUSION

For these reasons, the Court should grant Defendants' motion and dismiss the Amended Complaint with prejudice.


Date:   March 15, 2021                         Respectfully submitted,

                                               KARL A. RACINE
                                               Attorney General for the District of Columbia

                                               CHAD COPELAND
                                               Deputy Attorney General
                                               Civil Litigation Division

                                               /s/ *Christina Okereke*
                                               CHRISTINA OKEREKE [219272]
                                               Chief, Civil Litigation Division Section II

                                               /s/ *Matthew Trout*
                                               MATTHEW TROUT [1030119]
                                               Assistant Attorney General

400 6th Street, N.W.
Washington, D.C. 20001
(202) 724-5695
(202) 724-6590 (fax)
matthew.trout1@dc.gov

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BRIJE SMITH,

       *Plaintiff,*

   v.

EUGENE WRIGHT, *et al.*,

       *Defendants.*

Case No. 1:20-cv-3389 (CKK)

## <u>ORDER</u>

Upon consideration of Defendants' Motion to Dismiss the Amended Complaint, any opposition and reply thereto, and the entire record, it is this _____ day of _____, 2021, hereby,

**ORDERED** that Defendants' Motion is **GRANTED**; and it is further

**ORDERED** that the Amended Complaint is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge