**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRIJE SMITH,<br><br>               *Plaintiff,*<br><br>       v.<br><br>EUGENE WRIGHT, *et al.*,<br><br>               *Defendants.* | Case No. 1:20-cv-3389 (CKK) |

# Exhibit A
August 14, 2020 EEOC Charge

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **570-2018-01393** |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.)<br>**Ms. Brije Smith** | Home Phone (Incl. Area Code)<br>███████ | Date of Birth |
|---|---|---|

| Street Address<br>████████████ | City, State and ZIP Code | |
|---|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (If more than two, list under PARTICULARS below.)

| Name<br>**DC PUBLIC SCHOOLS** | No. Employees, Members<br>**500 or More** | Phone No. (Include Area Code)<br>**(202) 442-5885** |
|---|---|---|
| Street Address<br>**1200 First Street NE, Washington, DC 20002** | City, State and ZIP Code | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION

☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **3/2017**  Latest **12/2017**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I was hired by the above-named employer as a Transition Specialist. Between March 2017 and December 2017, Eugene Wright created a hostile and uncomfortable working environment by making sexually inappropriate comments and exhibiting sexually inappropriate behavior towards myself. I have reported these incidents numerous times, but no corrective actions have been taken.**

**An internal investigation was conducted, and it was concluded that Mr. Wright had acted inappropriately and unprofessionally. However, I was still subjected to work with Mr. Wright after the outcome of the investigation.**

**I believe that I have been subjected to sexual harassment based on my sex (female), in violation of Title VII of the Civil Rights Act of 1964, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| ___8/14/20___          _[signature]_<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BRIJE SMITH,

         *Plaintiff,*

    v.

EUGENE WRIGHT, *et al.*,

       *Defendants.*

Case No. 1:20-cv-3389 (CKK)

# Exhibit B
August 26, 2020 EEOC Dismissal

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | **Brije Smith** | From: | **Washington Field Office**<br>**131 M Street, N.E.**<br>**Suite 4NW02F**<br>**Washington, DC 20507** |
|---|---|---|---|

|  | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **570-2018-01393** | **Candice Rogers,**<br>**Investigator** | **(202) 419-0798** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [X] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [ ] | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Richard Kim*        For          AUG 26 2020

**Mindy E. Weinstein,**
**Director**

*(Date Mailed)*

Enclosures(s)

cc:

| **Aimee D. Peoples**<br>**Office of the General Counsel**<br>**D.C. Public Schools**<br>**1200 First St. NE**<br>**10th Floor**<br>**Washington, DC 20002** | **Khadijah Able, Esq.**<br>**Tucker Law Group**<br>**8181 Professional Place**<br>**Suite 207**<br>**Hyattsville, MD 20785** |
|---|---|

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS        --        Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS        --        Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION        --        Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE        --        All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosures(s)

cc:

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BRIJE SMITH,

    *Plaintiff,*

  v.             Case No. 1:20-cv-3389 (CKK)

EUGENE WRIGHT, *et al.*,

    *Defendants.*

# Exhibit C

Amended Complaint, *Smith v. Wright*, No. 2019 CA 006266 B
(D.C. Sup. Ct. filed Dec. 10, 2019)

**Filed**
**D.C. Superior Court**
**12/10/2019 11:30AM**
**Clerk of the Court**

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DEVISION

| | |
|---|---|
| BRIJE SMITH | ) |
| 9112 Tandom Dr | ) |
| Fort Washington, MD 20744 | ) |
|     Plaintiff, | ) |
| | ) Case No.: 2019 CA 006266 B |
| v. | ) |
| | ) |
| EUGENE WRIGHT, | ) |
| 1200 First Street, NE | ) |
| Washington, DC 20002 | ) |
| | ) |
| DISTRICT OF COLUMBIA | ) |
| PUBLIC SCHOOLS, | ) |
| 1200 First Street, NE | ) |
| Washington, DC 20002 | ) |
| | ) |
| | ) |
| DISTRICT OF COLUMBIA | ) |
| GOVERNMENT | ) |
| 441 4th St. NW, | ) |
| Washington, DC 20001 | ) |
| | ) |
|     Defendants. | ) |

## FIRST AMENDED COMPLAINT

### PARTIES

1. The Plaintiff, Brije Smith, (hereinafter "Plaintiff"), is an adult female resident of
   Maryland.

2. Defendant, Eugene Wright (hereinafter "Defendant Wright"), is an adult male employee
   of the District of Columbia Public Schools.

3. Defendant District of Columbia Public Schools is a nonexempt entity doing business in
   the District of Columbia.

4. Defendant District of Columbia is a municipal corporation capable of being sued pursuant to D.C. Official Code § 1-102.

## JURISDICTIONS

5. This Court may exercise personal jurisdiction over this matter pursuant to DC CODE § 13-422 as the District of Columbia Public Schools and District of Columbia is organized under the laws of the District of Columbia.

6. This Court may further exercise personal jurisdiction over the Defendants pursuant to D.C. Code §13-422(a)(3) as the Defendants caused the tortious injury which Plaintiff complains of within the District of Columbia.

7. Venue is proper in that the allege acts occurred within the District of Columbia.

## STATEMENT OF FACTS

8. Between March 2017 and December 2017, Plaintiff was forced to endure unwanted and inappropriate sexually suggestive comments and behavior from Defendant Eugene Wright.

9. Defendant Wright's created a hostile and uncomfortable working environment that Plaintiff was no longer able to endure.

10. Defendant Wright's inappropriate comments included sexually innuendos relating to Plaintiff's appearance, sexually suggestive comments about what he would like to do with Plaintiff, and Defendant Wright's capability to financially satisfy Plaintiff.

11. On Friday, August 25, 2017, Plaintiff was in the District of Columbia Public School area located within the District of Columbia Jail.

12. As Plaintiff was leaving, a student inmate rubbed Plaintiff's butt with his opened hand.

13. Plaintiff turned around and yelled to the student inmate "DO NOT TOUCH MY BUTT."

14. Plaintiff reported the incident to the appropriate authorities and filed the necessary documentation to report the incident.

15. As, Plaintiff was in the process of reporting this incident, Defendant Wright and another male employee attempted to intimated Plaintiff into to not filing the charge against the student inmate.

16. Defendant Wright told Plaintiff that if she filed the charge, she "might not be able to come back to work."

17. Defendant's Wright's statement caused Plaintiff to be fearful that her job may be in jeopardy if she followed through with her decision to file the charges against the student inmate.

18. Plaintiff proceeded with filing the charge against the student inmate.

19. An investigation was later performed by the Department of Labor Management & Employee Relations into Plaintiff's claims against Defendant Wright.

20. The investigation brought forth the following conclusions:

    a. Defendant Wright had behaved inappropriately and unprofessionally towards Plaintiff. Specifically, that Defendant Wright, by a preponderance of the evidence, made sexually offensive comments or used off-color language, jokes, or innuendo that a reasonable person would consider to be of a sexual nature, or belittling or demeaning an individual or a group's sex, sexual orientation, or gender identity.

    b. That the evidence to support an allegation that Defendant Wright's multiple instances of inappropriate statements towards and about Plaintiff were severe and pervasive enough to create a hostile work environment. By Defendant Wright's

own admission, he made comments to his female colleagues that could be perceived as unprofessional and inappropriate.

21. It was further recommended that appropriate personnel action be taken toward Defendant Wright.

22. Plaintiff was to be removed from Defendant Wright's supervision and to report to a new Assistant Principal and Instructional Superintendent.

23. Defendant District of Columbia Government is responsible for Defendant District of Columbia Public Schools. As such, Defendant District of Columbia is liable for the actions of Defendants District of Columbia and Eugene Wright.

## CAUSE OF ACTION

### COUNT I
### Sexual Harassment

24. Plaintiff hereby incorporates paragraphs 1 through 19 as if fully set forth herein.

25. Plaintiff is a female employee of District of Columbia Public Schools.

26. Plaintiff was frequently subjected to harassment by Defendant Wright because she was female.

27. The harassment included sexual innuendos about Plaintiff's physical appearance, sexually aggressive comments about what Defendant Wright would do to her, and how Defendant Wright could financially satisfy Plaintiff.

28. Plaintiff found the harassment to be unwelcome and thoroughly deplorable.

29. Plaintiff reported the harassment to Defendant District of Columbia Public Schools who failed to provide minimal relief to Plaintiff.

30. Defendant District of Columbia Government is liable for the acts and/or omissions of Defendant District of Columbia Public Schools and Defendant Eugene Wright.

Wherefore, Plaintiff demands judgment separately and severally against Defendants Eugene Wright, Defendant District of Columbia Government and/or District of Columbia Schools for compensatory and punitive damages in excess of the minimum jurisdictional limits of this Court and costs.

## COUNT II

### Sexual Assault

31. Plaintiff hereby incorporates paragraph 1 through 25 as if fully set forth herein.

32. Plaintiff is a female employee of District of Columbia Public Schools.

33. While on assignment at the D.C. Jail, Plaintiff was subjected to unwanted sexual unwanted sexual contact from a student inmate.

34. Specifically, the student inmate rubbed Plaintiff on her butt with an opened hand.

35. The specified contact with Plaintiff's butt was not made with Plaintiff's permission.

36. Defendant District of Columbia Government is liable for the acts and/or omissions of Defendant District of Columbia Public Schools and Defendant Eugene Wright.

Wherefore, Plaintiff demands judgment separately and severally against Defendants Eugene Wright, Defendant District of Columbia Government and/or District of Columbia Schools for compensatory and punitive damages in excess of the minimum jurisdictional limits of this Court and costs.

## COUNT II

### Hostile Work Environment

37. Plaintiff hereby incorporates paragraphs 1 through 31 as if fully set forth herein.

38. Plaintiff is a female employee of District of Columbia Public Schools.

39. Plaintiff was frequently subjected to harassment by Defendant Wright because she was female.

40. The harassment included sexual innuendos about Plaintiff's physical appearance, sexually aggressive comments about what Defendant Wright would do to her, and how Defendant Wright could financially satisfy Plaintiff.

41. The harassment was so severe and pervasive that it caused Plaintiff to become unable to adequately complete tasks at work.

42. Further, Plaintiff became fearful of being in a common space with Defendant Wright as his harassing behavior had become overwhelming emotionally and mentally to Plaintiff.

43. Plaintiff found the harassment to be unwelcome and thoroughly deplorable.

44. Plaintiff reported the harassment to Defendant District County Public Schools who failed to provide minimal relief to Plaintiff.

45. Plaintiff further was sexually assaulted by a student inmate at the District of Columbia Jail.

46. Plaintiff reported the sexual assault the appropriate authorities.

47. Defendant Wright threatened that if Plaintiff filed the charge against the student inmate, she might lose her job.

48. Defendant Wright conduct was an attempt to intimate Plaintiff into not filing a charge against the student inmate.

49. Defendant District of Columbia Government is liable for the acts and/or omissions of Defendant District of Columbia Public Schools and Defendant Eugene Wright.

Wherefore, Plaintiff demands judgment separately and severally against Defendants Eugene Wright, Defendant District of Columbia Government and/or District of Columbia Schools for

compensatory and punitive damages in excess of the minimum jurisdictional limits of this Court and costs.

## COUNT III
## Vicarious Liability/Respondeat Superior

50. Plaintiff hereby incorporates paragraphs 1 through 42 as if fully set forth herein.

51. While engaging in the above conduct, Defendant Eugene Wright was acting in the line, course and scope of their authority and capacity as a partner and/or employee and/or agent of Defendant District of Columbia Public Schools.

52. As approximate result of the Defendants' conduct Plaintiff has suffered financial hardship, physical, emotional, and mental damages.

53. Therefore, Defendant District of Columbia Public Schools are vicariously liable for the acts committed and complained of herein.

54. Defendant District of Columbia Government is liable for the acts and/or omissions of Defendant District of Columbia Public Schools and Defendant Eugene Wright.

Wherefore, Plaintiff demands judgment separately and severally against Defendants Eugene Wright, Defendant District of Columbia Government and/or District of Columbia Schools for compensatory and punitive damages in excess of the minimum jurisdictional limits of this Court and costs.

## COUNT IV
## Negligent Training and Supervision

55. Plaintiff hereby incorporates paragraph 1 through 46 as if fully set forth herein.

56. Plaintiff is an employee of Defendant District of Columbia Public Schools.

57. While employed with Defendant District of Columbia Public Schools, Plaintiff was subjected to numerous instances of sexual harassment from Defendant Wright.

58. Plaintiff reported this behavior to Defendant District of Columbia Public Schools.

59. However, Defendant Wright's continued to sexually harass Plaintiff.

60. Defendant District of Columbia Public Schools failed to supervise and/or train Defendant Wright to correct his inappropriate behavior.

61. Defendant District of Columbia Government is liable for the acts and/or omissions of Defendant District of Columbia Public Schools and Defendant Eugene Wright.

Wherefore, Plaintiff demands judgment separately and severally against Defendants Eugene Wright, Defendant District of Columbia Government and/or District of Columbia Schools for compensatory and punitive damages in excess of the minimum jurisdictional limits of this Court and costs.

## RELIEF

1. Plaintiff requests that the Court issue the following relief:

   a. Award Plaintiff compensatory and punitive damages for all the mentioned cause of action in an amount to be determined by a jury of her peers;

   b. Award Plaintiff attorney's fees, costs and expense of litigation; and

   c. Award such other relief to which Plaintiff may be entitled to under law.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment separately and severally against Defendants Eugene Wright, District of Columbia Government and/or District of Columbia Public Schools in an amount in excess of the minimum jurisdictional limits o this Court for compensatory and punitive damages all together with Court costs, including attorney's fees, plus pre and post judgment interest, and from and other relief this Court deems just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted this 10th day of December 2019.

**Brije Smith**

<u>/s/ Charles Tucker, Jr.</u>
Charles Tucker, Jr. Esq
TuckerMoore Group
8181 Professional Place, Suite 207
Hyattsville, MD 20785
301-577-1175
Charles@tuckerlawgroupllp.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BRIJE SMITH,

        *Plaintiff,*

    v.

EUGENE WRIGHT, *et al.*,

        *Defendants.*

Case No. 1:20-cv-3389 (CKK)

# Exhibit D

Order, *Smith v. Wright*, No. 2019 CA 006266 B (D.C. Sup. Ct. Apr. 23, 2020)

Filed
D.C. Superior Court
04/23/2020 09:08AM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

BRIJE SMITH                                  : Case Number: 2019 CA 6266 B

v.                                           : Judge Florence Pan

DISTRICT OF COLUMBIA PUBLIC SCHOOLS and      :
DISTRICT OF COLUMBIA GOVERNMENT              :

## <u>ORDER</u>

This case comes before the Court on consideration of defendants District of Columbia Public Schools and District of Columbia Government's Motion to Dismiss ("Defs. Mot"), filed on February 24, 2020; plaintiff's Opposition ("Pl. Opp."), filed on April 6, 2020; and defendants' Reply ("Defs. Reply"), filed on April 13, 2020.  The Court has considered the pleadings, the papers, and the applicable law.  For the following reasons, defendants' Motion to Dismiss is granted.

## PROCEDURAL HISTORY

On December 10, 2019, plaintiff filed an Amended Complaint against defendants Eugene Wright, District of Columbia Public Schools ("DCPS"), and the District of Columbia, alleging claims of: (1) sexual harassment; (2) sexual assault; (3) hostile work environment; (4) respondeat superior; and (5) negligent training and supervision. *See generally* Am. Compl.  Plaintiff is an employee of DCPS, and defendant Wright is her former supervisor.  *See id.* ¶¶ 2, 22, 25. Plaintiff alleges that, between March and December of 2017, she was "forced to endure unwanted and inappropriate sexually suggestive comments and behavior from [d]efendant Eugene Wright." *See id.* ¶ 8.  Plaintiff alleges that defendant Wright made "inappropriate comments[,] includ[ing] sexual[ ] innuendos relating to [p]laintiff's appearance," and "sexually

suggestive comments about what [defendant Wright] would like to do with [p]laintiff." *See id.* ¶ 10.

Plaintiff further alleges that on August 25, 2017, "a student inmate rubbed [p]laintiff's butt with his opened hand" while plaintiff was working at a DCPS school located within the District of Columbia jail. *See id.* ¶¶ 11-12. Plaintiff alleges that she reported this incident to DCPS authorities, and that defendant Wright and another DCPS employee responded by intimidating plaintiff, in order to prevent her from filing charges against the student inmate that assaulted her. *See id.* ¶¶ 14-15. Plaintiff alleges that DCPS's Department of Labor Management and Employee Relations subsequently investigated defendant Wright; concluded that defendant Wright had behaved inappropriately; and found that defendant Wright's conduct was severe and pervasive enough to create a hostile work environment. *See id.* ¶ 20. Plaintiff further alleges that DCPS recommended that plaintiff be removed from defendant Wright's supervision, and that plaintiff be reassigned to a new supervisor. *See id.* ¶ 21.[1]

On February 24, 2020, defendants District of Columbia and DCPS (collectively, "the District Defendants") filed the instant Motion to Dismiss, arguing that (1) plaintiff's claims for sexual harassment, hostile work environment, and sexual assault are time-barred; (2) plaintiff fails to state a claim against them for sexual assault; (3) vicarious liability and *respondeat superior* are not stand-alone causes of action; (4) DCPS is *non sui juris*; and (5) plaintiff cannot bring a negligent supervision claim predicted on a violation of the D.C. Human Rights Act, and plaintiff fails to otherwise allege independent negligent acts by the District Defendants. *See*

---

[1]     Defendant Eugene Wright has not been served, and more than sixty days have passed since the instant lawsuit was filed on September 23, 2019. *See generally* Compl. The Court is therefore constrained to dismiss defendant Wright. *See* D.C. Super. Ct. Civ. R. 4(m) ("Within 60 days of the filing of the complaint[,] . . . plaintiff must file either an acknowledgment of service or proof of service of the summons, complaint, [and] Initial Order. . . . [P]laintiff's failure to comply with the requirements of this rule will result in the dismissal without prejudice of the complaint.").

*generally* Defs. Mot.  In opposition, plaintiff argues only that she has stated a claim of negligent supervision, predicated on the common law tort of intentional infliction of emotional distress ("IIED").  *See generally* Pl. Opp.  The District Defendants argue in their Reply that plaintiff has conceded all of their other points, and that plaintiff failed to provide the District with notice of any claim of negligent supervision or IIED, as required by D.C. Code § 12-309.  *See generally* Defs. Reply.

## APPLICABLE LEGAL STANDARD

A complaint should be dismissed for failure to state a claim upon which relief can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *See Fingerhut v. Children's Nat'l Med. Ctr.*, 738 A.2d 799, 803 (D.C. 1999); Super. Ct. Civ. R. 12(b)(6).  When considering a motion to dismiss a complaint for failure to state a claim, the Court must "construe the facts on the face of the complaint in the light most favorable to the non-moving party, and accept as true the allegations in the complaint."  *See Fred Ezra Co. v. Pedas*, 682 A.2d 173, 174 (D.C. 1996).  A court should not dismiss a complaint merely because it "doubts that a plaintiff will prevail on a claim."  *See Duncan v. Children's Nat'l Med. Ctr.*, 702 A.2d 207, 210 (D.C. 1997).

A pleading must contain a "short and plain statement of the claim showing that the pleading is entitled to relief."  *See* Super. Ct. Civ. R. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  Plaintiffs who wish to survive a motion to dismiss under Super. Ct. Civ. R. 12(b)(6) must provide "enough facts to state a claim to relief that is plausible on its face."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (plaintiffs must "[nudge] their claims across the line from conceivable to plausible"); *Mazza v. Housecraft LLC*, 18 A.3d 786, 791 (D.C. 2011) (holding that *Twombly* and *Iqbal* apply in our jurisdiction because Super. Ct. Civ. R. 8(a) is

identical to its federal counterpart). The "plausibility" pleading standard does not require

"detailed factual allegations" at the initial litigation stage of filing the complaint, but "it demands

more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *See Iqbal*, 556 U.S.

at 678. A claim is plausible on its face "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*See id.*

## ANALYSIS

### 1. Sexual Harassment, Hostile Work Environment, and Sexual Assault

Plaintiff's claims of sexual harassment and a hostile work environment are time-barred.

Claims brought under the D.C. Human Rights Act ("DCHRA" or "the Act") are subject to a one-

year statute of limitations. *See* D.C. Code § 12-301(4) ("A private cause of action pursuant to

this chapter shall be filed in a court of competent jurisdiction within one year of the unlawful

discriminatory act."). Plaintiff concedes that she brings her sexual harassment and hostile work

environment claims under the DCHRA. *See* Pl. Opp. at 3; *see also Howard Univ. v. Best,* 484

A.2d 958, 978 (D.C. 1984) (holding that sexual harassment is a form discrimination under the

DCHRA); *Daka, Inc. v. Breiner*, 711 A.2d 86, 92-93 (D.C. 1998) (establishing the elements of a

hostile work environment claim under the DCHRA). Plaintiff alleges that she was subjected to

sexual harassment and a hostile work environment between March and December of 2017. *See*

Am. Compl. ¶ 8. Plaintiff filed the instant lawsuit on September 23, 2019 -- one year and nine

months after her most recent allegations. *See generally* Compl. Plaintiff's claims of sexual

harassment and hostile work environment are therefore barred by the DCHRA's one-year statute

of limitations.

Plaintiff's sexual assault claim also fails.  Claims of sexual assault are subject to a one-year statute of limitations.  *See* D.C. Code § 12-301(4) (setting the statute of limitations for assault at one year); *McCracken v. Walls-Kaufman*, 717 A.2d 346, 349-50 (D.C. 1998) (sexual assault claims are subject to D.C. Code §12-301(4)).  Plaintiff alleges that she was sexually assaulted by a student-inmate on August 25, 2017.  *See* Am. Compl. ¶¶ 11-12.  Plaintiff filed the instant case nearly two years later, on September 23, 2019.  *See generally* Compl.  Plaintiff's claim for sexual assault is therefore time-barred.  In addition, the Court agrees with the District Defendants that plaintiff has failed to allege any facts that would support a finding that the District Defendants are liable for the conduct of a student inmate at the D.C. Jail, *see* Def. Mot. 4-5; and that defendant DCPS is *non sui juris* and may not be a party to a lawsuit, *see* Def. Mot. at 7-8 (citing *Kane v. District of Columbia*, 180 A.3d 1073, 1078 n.10 (D.C. 2018) ("[I]n the absence of statutory authorization, noncorporate bodies within the District of Columbia government are 'not suable as separate entities.'") (internal quotation omitted); *Blue v. District of Columbia*, 850 F. Supp. 2d 16, 22 (D.D.C. 2012) (dismissing DCPS as *non sui juris*), *aff'd*, 811 F.3d 14 (D.C. Cir. 2015)).

## 2.  Negligent Training and Supervision

Plaintiff's negligent supervision claim must be dismissed because (1) negligent supervision claims cannot be premised on a violation of the DCHRA; and (2) any negligent supervision claim plaintiff seeks to bring that is premised on a common law cause of action is barred by plaintiff's failure to comply with the notice requirement of D.C. Code § 12-309.  "The cause of action for negligent supervision [simply] recognizes that an employer owes specific duties to third persons based on the conduct of its employees."  *Griffin v. Acacia Life Ins. Co.*, 925 A.2d 564, 575 (D.C. 2007) (citing *District of Columbia v. Harris*, 770 A.2d 82, 87 (D.C.

2001)).  "To establish a cause of action for negligent supervision, a plaintiff must show: that the employer knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, failed to adequately supervise the employee."  *Phelan v. City of Mt. Rainier*, 805 A.2d 930, 937-938 (D.C. 2002).  "[A] claim of negligent supervision," however, "may be predicated only on common law causes of action or duties otherwise imposed by the common law."  *See Griffin*, 925 A.2d at 576.  "[N]ot included among the duties of an employer that were recognized at common law is any duty to prevent the sexual harassment of an employee."  *See id.*  Plaintiff therefore cannot bring a negligent supervision claim based on the allegation that she was sexually harassed by a co-employee in violation of the DCHRA.  *See id.* at 577.

Plaintiff argues that her claim of negligent supervision is not predicated on her sexual harassment claim, and instead is based on a claim of IIED.  *See* Pl. Opp. at 3-4.  But plaintiff does not allege an IIED claim in her Amended Complaint, and raises the claim for the first time in her Opposition.  *See id.*; *see generally* Am. Compl. (failing to allege a claim of IIED).  Courts in this jurisdiction have dismissed negligent supervision claims where, as here, the complaint fails to explicitly allege a common law cause of action.  *See, e.g.*, *Doe v. George Wash. Univ.*, 369 F. Supp. 3d 49, 87 (D.D.C. 2019) (dismissing the plaintiffs' negligent supervision claim because "the plaintiffs failed to plead any common law causes of action [in their amended complaint]," and contended for the first time in opposition that their "negligent training and supervision claims are not predicated on the [DCHRA]").

In any event, even if the Court were to construe the Amended Complaint as pleading a claim of IIED, plaintiff's negligent supervision claim must be dismissed because she fails to allege that she gave the District Defendants timely notice of her suit.  To bring a claim for

"unliquidated damages to person" against the District of Columbia, a plaintiff must give "notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage" within six months of said injury. *See* D.C. Code § 12-309(a). This requirement applies to claims of negligent supervision, as well as claims of IIED. *See, e.g.*, *Spiller v. D.C.*, 302 F. Supp. 3d 240, 250 (D.D.C. 2018) (requiring compliance with D.C. Code § 12-309 to bring a negligent supervision against the District).

Plaintiff fails to allege that she provided the District Defendants with notice of any of the claims that she brings in the instant lawsuit. *See generally* Am. Compl. The Court is therefore constrained to dismiss plaintiff's negligent supervision claim due to her failure to comply with D.C. Code § 12-309. *See, e.g.*, *Blue* 850 F. Supp. 2d at 38 (dismissing plaintiff's negligent supervision and IIED claims where plaintiff failed to allege in her complaint that she provided the District with notice under §12-309).[2]

### 3.  "Vicarious Liability/*Respondeat Superior*"

Plaintiff pleads "Vicarious Liability/*Respondeat Superior*" as an independent cause of action in Count III of the Complaint. But "[v]icarious liability . . . is merely a legal concept used to transfer liability from an agent to a principal[,] and includes the theory of *respondeat superior* as developed in agency law." *Convit v. Wilson*, 980 A.2d 1104, 1114 (D.C. 2009) (citations omitted). Because neither vicarious liability nor *respondeat superior* may be pled as a stand-alone claim, Count III also must be dismissed.

Accordingly, it is this 23rd day of April, 2020, hereby

---

[2]     The Court chooses to resolve defendant's Motion on the pleadings, and declines to convert the Motion into one for summary judgment. The Court therefore does not consider the external evidence submitted by defendants in reaching its decision to dismiss plaintiff's claim of negligent supervision. *See* Defs. Reply at 3, Ex. A (Affidavit of Lana Craven, Program Analyst for the District of Columbia Office of Risk Management).

**ORDERED** that defendants District of Columbia and District of Columbia Public Schools' Motion to Dismiss is **GRANTED** as to all of plaintiff's claims; and it is further

**ORDERED** that the Complaint is dismissed as to defendant Eugene Wright under Super. Ct. Civ. R. 4(m), due to plaintiff's failure to timely file an affidavit of service as to him; and it is further

**ORDERED** that the case is closed, and that all further proceedings are vacated.

**SO ORDERED**.


Judge Florence Y. Pan
Superior Court of the District of Columbia


Copies to:

Charles Tucker, Esq.
*Counsel for Plaintiff*

Matthew Trout, Esq.
*Counsel for Defendants DCPS and DC Government*