IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIJE SMITH )<br>)<br>)<br>    Plaintiff, )<br>) Case No.: 1:20-cv-03389-CKK<br>v. )<br>)<br>EUGENE WRIGHT, )<br>)<br>DISTRICT OF COLUMBIA )<br>PUBLIC SCHOOLS, )<br>)<br>DISTRICT OF COLUMBIA )<br>GOVERNMENT, )<br>)<br>    Defendants. ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

Plaintiff Brije Smith ("Plaintiff"), by and through undersigned counsel, respectfully moves this Honorable Court to reject Defendants District of Columbia's, District of Columbia Public Schools', and Defendant Eugene Wright's ("Defendant DC" and "Defendant DCPS" and "Defendant Wright" or "Defendants") Motion to Dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). In support of this opposition, Plaintiff submits the attached memorandum of points and authorities.

Respectfully submitted this March 31, 2021,

                                                                     Charles Tucker, Jr. Esq
                                                                       Tucker Moore Group LLP
                                                                       8181 Professional Place Ste. 207
                                                                       Hyattsville, MD 20785
                                                                       charles@tuckerlawgroupllp.com

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIJE SMITH | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 1:20-cv-03389-CKK |
| v. | ) |
| | ) |
| EUGENE WRIGHT, | ) |
| | ) |
| DISTRICT OF COLUMBIA | ) |
| PUBLIC SCHOOLS, | ) |
| | ) |
| DISTRICT OF COLUMBIA | ) |
| GOVERNMENT, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**

### INTRODUCTION

Plaintiff Brije Smith ("Plaintiff") submits this memorandum of points and authorities in support of her opposition to Defendant's motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff has not failed to state the basis for federal jurisdiction and, as such, this Court should not dismiss the Amended Complaint due to a lack of jurisdiction. Further, Defendants argue that Plaintiff's claims fail as a matter of law, however, this is incorrect, and each claim will be addressed in turn below. As such, in support thereof, Plaintiff states the following:

## STANDARD OF REVIEW

### I.     Fed. R. Civ. P. 12(b)(1)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), "[a] plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction." *See Epps v. US Capitol Police Bd.*, 719 F. Supp. 2d 7, 11 (D.D.C. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 US 555, 561 (1992)). To show that a court has subject matter jurisdiction, plaintiff must show that the court, "…possess[es] 'only that power authorized by Constitution and statute.'" *See Custis v. CIA*, 118 F. Supp. 3d 252, 254 (D.D.C. 2015) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994)).

### II.    Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 US 554, 555 (2007). As Defendants accurately state, "[t]he Supreme Court has set forth a 'two-pronged approach' that a trial court should use when ruling on a motion to dismiss under Rule 12(b)(6)." *See* Def. MTD Amend. Compl., pg. 3, ECF No. 16 (citing *Ashcroft v. Iqbal*, 556 US 662, 678 (2009)). That two-prong approach mandates that a complaint be well-pleaded and contain more than, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," and that well-pleaded factual allegations should be assumed to be true so that it can be determined whether they plausibly give rise to an entitlement to relief. *Id.* (citing *Atherton v. District of Columbia,* 567 F.3d 672, 681 (D.C. Cir. 2009)). Finally, as Defendants accurately reiterate, "[a] court may consider an EEOC complaint and Notice of Charge without converting a motion to dismiss unto a motion for summary judgment because such records are public documents of which a court may take judicial notice." *Ashraf-*

*Hassam v. Embassy of France in US¸* 878 F. Supp. 2d 164, 169 (D.D.C. 2012).

## LEGAL ARGUMENT

### I.  THE COURT DOES NOT LACK SUBJECT MATTER JURISDICTION OVER THE COMPLAINT

Defendants argue that Plaintiff in this case fails to allege any valid basis for federal jurisdiction. *See* Def. MTD Amend. Compl., pg. 4, ECF No. 16. This assertion is incorrect as a matter of law. In the Amended Complaint, Plaintiff stated that this Court had jurisdiction pursuant to 28 USC §§ 1331 and 1343 as well as 42 USC § 1983. *See* Amend. Compl., ¶ 5, ECF No. 15. Defendant asserts that none of these statutes grant this Court jurisdiction over the present action, however, this is not accurate. 28 USC § 1331 grants the District Courts of the United States with original jurisdiction, "…of all civil actions arising under the Constitution, laws, or treaties of the United States." Counts I and II of Plaintiff's Amended Complaint are brought pursuant to Title VII and Defendants' choice to feign ignorance of that fact is mere posturing to convince this Court that there is no federal jurisdiction over this case. It is clear that Plaintiff's right to relief in this case necessarily depends on the resolution of a substantial question of federal law; that being violations of Title VII. *See Empire HealthChoice Assur., Inc. v. McVeigh,* 547 US 677, 689-690 (2006). Counts III and IV are brought to this Court pursuant to 28 USC § 1367 and as such, this Court has jurisdiction over those claims as well as they form part of the same controversy as Counts I and II. As such, the Amended Complaint should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for want of subject matter jurisdiction.

### II.  PLAINTIFF'S NEGLIGENCE CLAIM IS NOT BARRED BY RES JUDICATA

"Under the doctrine of res judicata, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same

parties of their privies, and (3) there has been a final valid judgement on the merits, (4) by a court of competent jurisdiction." *See Porter v. Shah*, 606 F.3d 809, 813 (2010) (quoting *Capitol Hill Group v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (2009)). Defendants in this case invoke the doctrine of *res judicata* stating that Plaintiff's Count III of negligence is so barred. This assertion is incorrect as Defendants cannot adequately apply the first prong of the doctrine of *res judicata* to the present case.

"Suits involve the same claim (or 'cause of action') when they aris[e] from the same transaction…or involve a 'common nucleus of operative facts." *See Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 140 S.Ct. 1589, 1594-1595 (2020) (internal citations omitted). As it relates to the present case, Defendants attempt to construe Count III (Negligence) of the Amended Complaint as the same as Count IV (Negligence Training and Supervision) of the Original Complaint filed in this Court and in the DC Superior Court. *See* Def. MTD Amend. Compl., pgs. 6-7, ECF No. 16. This comparison is ill made, and, in fact, these two Counts are not the same claim. Where two claims are grounded on different conduct, involving different facts, and occur at different times, they do not share a "common nucleus of operative facts". *See Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 140 S.Ct. 1589, 1595 (2020). Between these two Counts it is clear that they are, in fact, different claims.

Count IV in the Original Complaint was solely limited to Defendant DC's liability related to the supervision and training of Defendant Wright and their failure to correct or prevent his campaign of harassment against Plaintiff. *See* Original Compl., ¶¶ 55-59, ECF No. 1. Count III of the Amended Complaint, contrarily, deals with Defendant DC's negligent behavior not only for their failure to supervise and train Defendant Wright but also in placing Plaintiff back under Defendant Wright's supervision even after Defendant DC was made aware of his harassing and inappropriate behavior.

*See* Amend. Compl., ¶¶ 53-62, ECF No. 15. To be certain, some of the same facts stated in Count IV of the Original Complaint are included in Count III of the Amended Complaint, however, Count III does, in fact, contain other and different facts that bely the claim. Further, Count III of the Amended Complaint alleges that Defendant Wright was also negligent for violation of the special duty imposed upon him pursuant to the employer-employee relationship; an allegation not contained in Count IV of the Original Complaint. *Id.* A review, even a reckless review, of the two Counts at issue in Defendants argument regarding *res judicata* clearly shows that Count IV of the Original Complaint, both in this Court and in DC Superior Court, and Count III of the Amended Complaint are not the same claim and therefore the first prong of the doctrine of *res judicata* is inapplicable to the present case and this Court should not dismiss Plaintiff's Count III in the Amended Complaint.

## CONCLUSION

For these reasons, the Court should grant Plaintiff's motion and deny the Defendant's Motion to Dismiss pursuant to the aforementioned reasons.

Respectfully submitted,

>  */s/*Charles Tucker Jr. Esq.
>  Charles Tucker, Jr. Esq
>  Tucker Moore Group LLP
>  8181 Professional Place Ste. 207
>  Hyattsville, MD 20785
>  charles@tuckerlawgroupllp.com

## **CERTIFICATE OF SERVICE**

I HEREBY certify that a copy of the above Opposition to Defendant's Motion to Dismiss was

delivered via email and ECF to:


Matthew Trout
Assistant Attorney General
400 6th Street, NW
Washington, DC 20001
(202)-724-5695
Matthew.trout1@dc.gov
*Counsel for Defendants District of
Columbia, Eugene Wright and DCPS*



Dated: 3/31/21

*/s/*Charles Tucker Jr. Esq.
Charles Tucker, Jr. Esq
Tucker Moore Group LLP
8181 Professional Place Ste. 207
Hyattsville, MD 20785
charles@tuckerlawgroupllp.com