# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIJE SMITH,<br><br>      *Plaintiff*,<br><br>v.<br><br>EUGENE WRIGHT, *et al.*,<br><br>      *Defendants*. | Case No. 1:20-cv-3389 (CKK) |

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

## INTRODUCTION

Plaintiff offers nothing in opposition that defeats dismissal of the Amended Complaint in its entirety. First, Plaintiff asserts that the Court has jurisdiction because she brings federal claims in Counts I and II under Title VII, *see* Pl.'s Opp'n at 4 [17], but she does not contest that any claims under Title VII are untimely, so even if Title VII claims are properly before the Court, the claims are barred. Nor does Plaintiff contest that her breach of contract claim in Count IV is preempted by the Comprehensive Merit Personnel Act (CMPA). Accordingly, the Court may treat these arguments as conceded and dismiss Counts I, II, and IV of the Amended Complaint. Similarly, Plaintiff does not dispute that the D.C. Public Schools (DCPS) is *non sui juris* and thus an improper defendant, so the Court should dismiss Defendant DCPS as a party. The only remaining argument Plaintiff makes is that res judicata does not bar her negligent supervision claim in Count III. Plaintiff is incorrect, and accordingly, the Court should dismiss the Amended Complaint in its entirety.

# ARGUMENT

I. **The Court Should Dismiss Counts I, II, and IV and Defendant DCPS.**

Plaintiff's purported Title VII claims, breach of contract claim, and all claims against DCPS are meritless. Plaintiff asserts that the Court has jurisdiction in this case because she purportedly brings federal claims under Title VII, *see* Pl.'s Opp'n at 4, but Plaintiff does not contest that any claims under Title VII are untimely.[1] *See id.*; Defs.' Mot. to Dismiss Am. Compl. [16] at 7-8. Nor does Plaintiff address Defendants' argument that her breach of contract claim is preempted by the CMPA. *See* Pl.'s Opp'n; Defs.' Mot. at 9. Similarly, Plaintiff does not dispute that DCPS is *non sui juris* and thus an improper defendant. *See* Pl.'s Opp'n; Defs.' Mot. at 10. Accordingly, the Court may treat these arguments as conceded and dismiss Counts I, II, and IV of the Amended Complaint and dismiss DCPS as a party. *See Stubbs v. L. Off. of Hunter C. Piel, LLC*, 148 F. Supp. 3d 2, 4 (D.D.C. 2015) ("[W]hen a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citation and quotation marks omitted), *aff'd*, 672 F. App'x 3 (D.C. Cir. 2016).

II. **The Court Should Dismiss Count III of the Amended Complaint.**

Plaintiff's negligent supervision claim is barred by res judicata for two reasons. First, contrary to Plaintiff's arguments regarding claim preclusion, Count III of the Amended Complaint shares a common nucleus of operative facts with the previously dismissed negligence claim. Second, the D.C. Superior Court dismissed her previous negligent supervision claim on the grounds that there was no common law duty to prevent harassment of employees, and that

---

[1] Although the Court has jurisdiction over any Title VII claims, because Plaintiff fails to dispute that any Title VII claims are untimely, Defendants do not address here whether Plaintiff sufficiently asserts Title VII as the basis of Counts I and II of the Amended Complaint— Defendants are entitled to dismissal either way.

Plaintiff failed to provide the notice required by D.C. Code § 12-309 for any common law claim for unliquidated damages; these findings apply with equal force here.  Thus res judicata bars her claim and the Court should dismiss Count III.

"[R]es judicata . . . comprises two distinct doctrines regarding the preclusive effect of prior litigation."  *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.* 140 S. Ct. 1589, 1594 (2020) (citing 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4402 (3d ed. 2016)).  Under the first doctrine of claim preclusion, a subsequent claim is barred "if all four of the following elements are present:  (1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) the same cause of action in both suits."  *Role Models Am., Inc. v. Penmar Dev. Corp.*, 394 F. Supp. 2d 121, 129 (D.D.C. 2005) (citation and quotation omitted).  As to the fourth element, two causes of action are the same if they share a "common nucleus of operative facts."  *Lucky Brand Dungarees, Inc.*, 140 S. Ct. at 1594.  In determining whether two claims share a common nucleus of operative facts, courts examine whether the claims "are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."  *Apotex, Inc. v. FDA,* 393 F.3d 210, 217 (D.C. Cir. 2004).

Plaintiff concedes "some of the same facts stated in Count IV of the Original Complaint are included in Count III of the Amended Complaint."  Pl.'s Opp'n at 6.  Indeed, Plaintiff acknowledges that both Count IV of the Complaint filed in the D.C. Superior Court and Count III of the Amended Complaint here relate to "the supervision and training of Defendant Wright and [the District's] failure to correct or prevent his campaign of harassment against Plaintiff."  *Id.* at 5.  In opposing dismissal, Plaintiff relies on a single factual allegation, that the District

3

"plac[ed] Plaintiff back under Defendant Wright's supervision even after [it] was made aware of his harassing and inappropriate behavior," as creating a separate nucleus of operative facts. *Id.* at 5-6.  This additional detail is not enough to create a new nucleus of operative facts, particularly where both complaints alleged negligence based on the same course of harassment by Defendant Wright in the same employment context over the same period of months. *Compare* Am. Compl. ¶ 9, *with* Defs.' Ex. C (Super. Ct. Am. Compl.) ¶ 8 [16-1] (both describing operative timeframe as March 2017 through December 2017).  The two claims are thus "related in time, space, origin, . . . motivation, [and] form a convenient trial unit." *Apotex, Inc.*, 393 F.3d at 217.  As a result, the two share a common nucleus of operative facts, and res judicata bars Count III here.

And it is of no moment that Plaintiff may advance a slightly different *legal* theory than advanced in her Superior Court Complaint. *Compare* Am. Compl. ¶¶ 51-66 (alleging various legal duties Defendants allegedly breached), *with* Defs.' Ex. C (Super. Ct. Am. Compl.) ¶¶ 55-61 (alleging breach of a duty to supervise and train).  Because claim preclusion depends on shared *facts*, not legal arguments, any difference in legal theory advanced does not save Plaintiff's claim. *See Lucky Brand Dungarees, Inc.*, 140 S. Ct. at 1594 ("[Claim preclusion] prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.").  Accordingly, the Court should dismiss Count III as barred by res judicata.

In addition, Plaintiff's Superior Court negligence claim was dismissed on two separate independent grounds that resolve her claim here.  First, the Superior Court found that Plaintiff failed to provide the notice required by D.C. Code § 12-309, which requires notice of any common law claims for unliquidated damages within six months of injury.  Defs.' Ex. D (Super. Ct. Apr. 23, 2020 Order) at 6-7 [16-1].  Additionally, the Superior Court dismissed Plaintiff's

negligence claim because there is no common law duty to prevent harassment of employees. *Id.* at 5-6. Each of these conclusions resolve Plaintiff's claim here. Accordingly, the Court should dismiss Count III as barred by res judicata. *See Lucky Brand Dungarees, Inc.*, 140 S. Ct. at 1595 ("[C]laims to relief may be the same for the purposes of claim preclusion if[] . . . 'a different judgment in the second action would impair or destroy rights or interests established by the judgment entered in the first action.'") (quoting Wright & Miller § 4407).

## CONCLUSION

For these reasons and for the reasons set forth in Defendants' moving memorandum of points and authorities, the Court should grant Defendants' motion and dismiss the Amended Complaint with prejudice.

Date:   April 7, 2021                                       Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

/s/ *Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

/s/ *Matthew Trout*
MATTHEW TROUT [1030119]
Assistant Attorney General
400 6th Street, N.W.
Washington, D.C. 20001
(202) 724-5695
(202) 724-6590 (fax)
matthew.trout1@dc.gov

*Counsel for Defendants*