UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRIJE SMITH,

    Plaintiff,

v.

EUGENE WRIGHT, *et al.*,

    Defendants.

Civil Action No. 20-3389 (CKK)

MEMORANDUM OPINION
(December 14, 2021)

      Plaintiff Brije Smith brings this action against Defendants Eugene Wright, the District of Columbia Public Schools ("DCPS"), and the District of Columbia (the "District"). Plaintiff alleges that while she was employed by DCPS as a Transition Specialist, she was sexually harassed by her supervisor, Defendant Wright. She also claims that Defendant Wright threatened that she would lose her job if she pursued a complaint against a student who allegedly sexually assaulted her. Plaintiff brings claims against all Defendants for "sexual harassment" and "hostile work environment," and negligence. She also asserts a claim against DCPS for beaching an "express or implied employment contract," by failing to protect Plaintiff from this alleged misconduct.

      Pending before the Court is Defendants' [16] Motion to Dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants argue that this Court lacks subject matter jurisdiction because Plaintiff fails to establish that her claims involve a question of federal law. Defendants also argue that Plaintiff's sexual harassment and hostile work environment claims should be dismissed as untimely, that Plaintiff's negligence claim is barred by the doctrine of res judicata, and that Plaintiff's breach of contract claim is preempted by the D.C. Comprehensive Merit Personnel Act, D.C. Code § 1-603.01, *et seq*. In addition, Defendants contend that DCPS, a government agency, must be dismissed as *non sui juris*.

1

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, for the reasons below, the Court shall **GRANT** Defendants' Motion to Dismiss the Amended Complaint and shall dismiss this case.

## I. BACKGROUND

For the purposes of the present motion to dismiss, the Court accepts as true the well-pleaded allegations in Plaintiff's Amended Complaint, ECF No. 15. The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014) (citation omitted).

From March 2017 until December 2017, Plaintiff, a resident of Maryland, was employed by DCPS as a Transition Specialist. *See* Am. Compl. ¶¶ 2, 8–9. Defendant Wright was her supervisor. *Id.* ¶ 9. Plaintiff alleges that, during this period, she was subject to sexually suggestive behavior and comments from Defendant Wright. *Id.* ¶¶ 9–12. She claims, for example, that Defendant Wright made "sexual advances" and "sexual innuendos based on [her] appearance." *Id.* ¶¶ 11–12.

Plaintiff alleges that during this same timeframe—on August 25, 2017—she was working in the DCPS "School area" located in the D.C. Jail when a student inmate "rubbed Plaintiff's butt with his open hand." *Id.* ¶¶ 14–15. She claims that she "immediately reported the incident to the appropriate authorities." *Id.* ¶ 16. Plaintiff alleges that Defendant Wright and another male employee attempted to intimidate her to "drop[ ] the sexual assault claim against the student inmate," including by threatening that if she filed the charge against the student, she "might not be

---

[1] The Court's consideration has focused on the following: Amended Complaint ("Am. Compl."), ECF No. 15; Defendants' Motion to Dismiss the Amended Complaint ("Defs.' Mot."), ECF No. 16; Plaintiff's Opposition to Defendant[s'] Motion to Dismiss the Amended Complaint ("Pl.'s Opp'n"), ECF No. 17; and Defendants' Reply to Plaintiff's Opposition ("Defs.' Reply"), ECF No. 18. In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

able to come back to work." *Id.* ¶¶ 17–18.  Plaintiff states that she proceeded to file a complaint against the student inmate and "reported Defendant Wright['s] actions to the proper authorities." *Id.* ¶ 20.  She alleges that the resulting investigation by the Department of Labor Management and Employee Relations found that Defendant Wright had behaved inappropriately and unprofessionally towards Plaintiff.  *Id.* ¶¶ 21–22.  Plaintiff was then removed from Defendant Wright's supervision, but was later placed back under his supervision.  *Id.* ¶¶ 24–25.

Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), dated August 14, 2020.  *Id.* ¶ 26; Defs.' Mot. Ex. A, EEOC Charge, ECF No. 16-1.[2]  The EEOC dismissed Plaintiff's charge as of August 26, 2020, on the basis it was "not timely filed with EEOC" because Plaintiff "waited too long after the date(s) of the alleged discrimination to file [her] charge."  Defs.' Mot. Ex. B, EEOC Dismissal, ECF No. 16-1.

Plaintiff filed her original Complaint in this action on November 20, 2020.  *See* Compl., ECF No. 1.  With consent by Defendants and leave of this Court, Plaintiff filed her Amended Complaint on March 1, 2021.  *See* Am. Compl.  Plaintiff's Amended Complaint includes four counts: (1) Sexual Harassment, Am. Compl. ¶¶ 30–37; (2) Hostile Work Environment, *id*. ¶¶ 38–51; (3) Negligence, *id*. ¶¶ 52–63; and (4) Breach of Contract, *id*. ¶¶ 64–69.

Defendants filed their pending Motion to Dismiss the Amended Complaint on March 15, 2021.  *See* Defs.' Mot.  Therein, Defendants contend that Plaintiff's Amended Complaint fails to

---

[2] In deciding a motion to dismiss for failure to state a claim, a "court may consider extrinsic documents not expressly referenced in the complaint without converting the motion to a summary judgment motion if the document is a matter of public record [of] which the court may take judicial notice." *Leftwich v. Gallaudet Univ.*, 878 F. Supp. 2d 81, 93 n.5 (D.D.C. 2012) (internal citation omitted).  "In employment discrimination cases, courts often take judicial notice of EEOC charges and EEOC decisions." *Golden v. Mgmt. & Training Corp.*, 319 F. Supp. 3d 358, 366 n.2 (D.D.C. 2018) (collecting cases).  Plaintiff has not objected to Defendants' inclusion of her EEOC charges or the EEOC Dismissal, and so the Court takes judicial notice of these records.  *See* Defs.' Mot. Exs. A, B, ECF No. 16-1.

establish a basis for federal jurisdiction, noting that the Amended Complaint fails to indicate whether her claims for "sexual harassment" and "hostile work environment" are brought under Title VII, and observing that those claims are substantially similar to those brought under the D.C. Human Rights Act in an earlier case in the Superior Court of the District of Columbia ("D.C. Superior Court"). *See id.* at 4. Defendants further argue that, even if Counts I and II sufficiently assert Title VII claims, the Court is barred from considering those claims because Plaintiff did not file a timely charge of discrimination with the EEOC. *See id.* at 5–6. Defendants also argue that Plaintiff's negligence claim is barred by the doctrine of res judicata, and that Plaintiff's breach of contract claim is preempted by the D.C. Comprehensive Merit Personnel Act, D.C. Code § 1-603.01, *et seq*. *See id.* at 6–7. Finally, Defendants argue that DCPS must be dismissed from this case as an entity that cannot be sued under District of Columbia law. *See id.* at 7. Defendants' Motion to Dismiss is now ripe for the Court's review.

## II.   LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

A court must dismiss a case pursuant to Federal Rule of Civil Procedure 12(b)(1) when it lacks subject matter jurisdiction. In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (internal citation omitted). In deciding whether to grant a motion to dismiss for lack of jurisdiction, the Court "may consider materials outside the pleadings." *Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

In reviewing a motion to dismiss pursuant to Rule 12(b)(1), courts must accept as true all factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005) ("At the motion to dismiss stage, counseled complaints as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact."); *Koutny v. Martin*, 530 F. Supp. 2d 84, 87 (D.D.C. 2007) ("[A] court accepts as true all of the factual allegations contained in the complaint and may also consider undisputed facts evidenced in the record." (internal citations and quotation marks omitted).

Despite the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. Envt'l Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted). A court need not accept as true "a legal conclusion couched as a factual allegation" or an inference "unsupported by the facts set out in the complaint." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal citation and quotation marks omitted).

**B. Federal Rule of Civil Procedure 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

"[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). The factual allegations within a complaint, if accepted as true, must be sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Courts "do not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 314–15 (D.C. Cir. 2014).

### III.   DISCUSSION

**A. DCPS Shall Be Dismissed as *Non Sui Juris*.**

Defendants first argue that DCPS must be dismissed from this action as *non sui juris*. Defs.' Mot. at 8. Plaintiff offers no response to Defendant's argument that all claims against Defendant DCPS must be dismissed.

"DCPS is *non sui juris*—that is, non-suable as an entity separate from the District of Columbia." *Blue v. District of Columbia*, 850 F. Supp. 2d 16, 22 (D.D.C. 2012) (citing *U.S. ex rel. Davis v. District of Columbia*, 591 F. Supp. 2d 30, 40 (D.D.C. 2008) (concluding that DCPS may not be sued as separate entity); *Hinson ex rel. N.H. v. Merritt Educ. Ctr.*, 521 F. Supp. 2d 22, 34 (D.D.C. 2007) ("[A] number of courts addressing this very issue have concluded that DCPS is not a suable entity under the D.C. Code") (collecting cases); *Bowers v. Janey*, 468 F. Supp. 2d 102, 105 n. 3 (D.D.C. 2006) ("[C]ase law has indicated that the DCPS 'is not a suable entity'")). Following this well-established rule, Plaintiff's claims against DCPS must be dismissed.

### B. Plaintiff's Sexual Harassment (Count I) and Hostile Work Environment (Count II) Claims Shall Be Dismissed.

Defendants next contend that Plaintiff has failed to establish that the Court has subject matter jurisdiction because she has failed to plead a federal cause of action.[3]  *See* Defs.' Mot. at 4–5.  In her Amended Complaint, Plaintiff cites 28 U.S.C. § 1331, 28 U.S.C § 1343, and 42 U.S.C § 1983 as bases for the Court's jurisdiction over her claims.  Am. Compl. ¶ 5.  Defendants argue that Plaintiff's reliance on these statutes is insufficient because § 1331 merely "gives the Court jurisdiction over federal questions" and § 1343(3) "gives the Court jurisdiction brought under 42 U.S.C. § 1983," and Plaintiff does not appear to assert any claim under § 1983.  Defs.' Mot. at 4.  Defendants further observe that Counts I and II of Plaintiff's Amended Complaint are "virtually identical to claims" Plaintiff previously brought under the D.C. Human Rights Act in D.C. Superior Court, and so it is unclear what "federal question" she relies on in the present case.  *See id.*; Defs.' Mot. Ex. C, Am. Compl., *Smith v. Wright*, No. 2019 CA 006266 B (D.C. Sup. Ct. filed Dec. 10, 2019), ECF No. 16-1.

In response, Plaintiff contends that "[i]t is clear" that Counts I and II of her Amended Complaint are "brought pursuant to Title VII."  Pl.'s Opp'n at 4.  Defendants are correct that Plaintiff's Amended Complaint fails to identify Title VII as the basis for her claims.  However, even generously construing Counts I and II as claims under Title VII, these claims cannot proceed because Plaintiff has failed to exhaust her administrative remedies.

"Prior to filing a Title VII suit, a plaintiff must exhaust [her] administrative remedies by filing an EEOC charge outlining [her] allegations."  *Duberry v. Inter Con Sec. Sys., Inc.*, 898 F.

---

[3] Neither party addresses whether Plaintiff's claims may proceed based on the diversity of citizenship of the parties.  *See* 28 U.S.C. § 1332(a).  But, in any event, Plaintiff's Amended Complaint states no amount in controversy, and so she has failed to carry her burden of establishing the Court's subject matter jurisdiction.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Supp. 2d 294, 298 (D.D.C. 2012) (citing 42 U.S.C. § 2000e–5(e); *Bailey v. Verizon Commc'ns*, 544 F. Supp. 2d 33, 37–38 (D.D.C. 2008)). "That means filing an administrative charge with the EEOC and allowing the agency time to act on the charge before commencing litigation." *Haynes v. D.C. Water & Sewer Auth.*, 924 F.3d 519, 526 (D.C. Cir. 2019) (internal citations and quotation marks omitted). The employee must file that charge within 300 days of "the date of the [discriminatory] act or lose the ability to recover for it." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002); *see also Coleman v. Potomac Elec. Power Co.*, 310 F. Supp. 2d 154, 158 (D.D.C. 2004) (noting that the statute of limitations for filing an EEOC charge in the District of Columbia is 300 days). If the complainant fails to submit a timely EEOC charge, then that claim is time-barred and cannot later be entertained by a federal district court. *See Duberry*, 898 F. Supp. 2d at 298 ("Consequently, because plaintiff filed his EEOC charge beyond the 300–day time limit, it is untimely and his Title VII retaliation claim is time-barred.").

Title VII's exhaustion requirements are not jurisdictional, and untimely exhaustion of administrative remedies is an affirmative defense. *See Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997). "Because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it." *Id*. "If the defendant meets its burden, the plaintiff then bears the burden of pleading and proving facts supporting equitable avoidance of the defense." *Id.*

Here, Defendants have met their burden of establishing that Plaintiff failed to exhaust her administrative remedies because her EEOC charge was untimely. Plaintiff's allegations of discrimination involve conduct that occurred from March to December 2017. *See* Am. Compl. ¶ 9. But Plaintiff did not file her EEOC charge until August 14, 2020, *see* Defs.' Mot. Ex. A— well beyond the 300-day statutory limitation. *See Coleman*, 310 F. Supp. at 158.

In her Opposition, Plaintiff does not dispute that her EEOC charge was untimely. *See Hill v. Garland*, No. 19-cv-3389, 2021 WL 965624, at *6 (D.D.C. Mar. 15, 2021) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."). And although the 300-day statutory time limit is subject to exceptions such as equitable tolling, estoppel, and waiver, *see, e.g.*, *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 95–96, 111 (1990); *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985), it is Plaintiff's burden to demonstrate that one of these exceptions applies, and she has not done so. *See Bowden*, 106 F.3d at 437.

Accordingly, because Plaintiff's "Title VII" claims (Counts I and II) are time-barred by her failure to file a timely EEOC charge, they shall be dismissed.

**C. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims (Counts III and IV).**

Having dismissed Plaintiff's "Title VII" claims, the Court shall decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims for negligence (Count III) and breach of contract (Count IV). The exercise of supplemental jurisdiction is within a court's discretion, *see Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005), and a district court may decline to maintain such jurisdiction where it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In deciding whether to exercise supplemental jurisdiction in the absence of a federal claim, a court balances considerations of "judicial economy, convenience, fairness, and comity." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988). "Typically, if all federal law claims have been dismissed, the factors counsel against exercising supplemental jurisdiction." *Trimble v. District of Columbia*, 779 F. Supp. 2d 54, 60

(D.D.C. 2011) (declining to exercise supplemental jurisdiction over District of Columbia statutory and common law claims after dismissal of civil rights claim brought under 42 U.S.C. § 1983).

Here, the Court has dismissed the two claims which Plaintiff contends arise under federal law. Plaintiff's remaining claims are based on state common law and Plaintiff has not established that the Court has original jurisdiction over either claim. This case has not progressed past the pending Motion to Dismiss the Amended Complaint, and the Court has "developed no familiarity" with any issues raised outside this motion. *Jones v. D.C. Water & Sewer Auth.*, 933 F. Supp. 2d 37, 43 (D.D.C. 2013). The Court finds that the balance of these factors weighs against exercising supplemental jurisdiction over Plaintiff's remaining state law claims, and so they too shall be dismissed.

Because the Court, in an exercise of its discretion, declines to exercise supplemental jurisdiction over Plaintiff's state law claims, it does not address Defendants' arguments that Plaintiff's negligence claim is barred by res judicata and that her breach of contract claim is preempted by the D.C. Comprehensive Merit Personnel Act. *See* Defs.' Mot. at 6–7.

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss the Amended Complaint and **ORDERS** that this case shall be dismissed with prejudice. An appropriate Order accompanies this Memorandum Opinion.

                                                           /s/
                                                  COLLEEN KOLLAR-KOTELLY
                                                  United States District Judge

**Date**: December 14, 2021