# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 22-7009**                     **September Term, 2022**

**1:20-cv-03389-CKK**

**Filed On:** September 1, 2022

Brije Smith,

      Appellant

    v.

Eugene Wright, et al.,

      Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

    **BEFORE:**   Henderson, Pillard, and Katsas, Circuit Judges

## J U D G M E N T

    This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

    **ORDERED AND ADJUDGED** that the district court's dismissal order, filed December 14, 2021, be affirmed. On appeal, appellant argues only that the district court should have exercised diversity jurisdiction over her state-law claims. However, appellant forfeited this argument by failing to raise it in the district court. See Int'l Longshore & Warehouse Union v. Nat'l Lab. Rels. Bd., 971 F.3d 356, 363 (D.C. Cir. 2020); Gov't of Manitoba v. Bernhardt, 923 F.3d 173, 179 (D.C. Cir. 2019). In any event, appellant has not shown that diversity jurisdiction exists here. She failed to plead that this case involves a civil action for an amount exceeding $75,000 between citizens of different states. See 28 U.S.C. § 1332(a); Loughlin v. United States, 393 F.3d 155, 172 (D.C. Cir. 2004). "[L]ike the fifty states," appellee the District of Columbia "is not subject to diversity jurisdiction." Long v. D.C., 820 F.2d 409, 414 (D.C. Cir. 1987). Furthermore, appellant failed to plead the state of citizenship of the individual appellee, alleging only that he worked for the District of Columbia Public Schools. See Naartex Consulting Corp. v. Watt, 722 F.2d 779, 792 (D.C. Cir. 1983). Nor has appellant ever moved to further amend her complaint or offered any reason for not having to do so if she wished to correct its deficiencies. See Loughlin, 393 F.3d at 171.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 22-7009**  **September Term, 2022**

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**